**Karl David YOUENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–96–00438–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 18, 1999.

Carl E. Clover, Jr., Sealy, for Appellant.

John Julian Moore, Columbus, for Appellee.

Panel consists of Justices O'CONNOR, TAFT, and PRICE.*

## OPINION

TIM TAFT, Justice.

A jury convicted appellant of driving while intoxicated, and the trial court sentenced him to 90–days imprisonment, suspended for 180–days community supervision, and a $1,000 fine. We address whether the trial court erred: (1) by admitting the arresting officer's testimony concerning appellant's performance on the horizontal gaze nystagmus field sobriety test (HGN) test as quantitative evidence of intoxication; (2) by admitting evidence of sobriety testing because it elicited testimonial acts prior to appellant's receiving his *Miranda* warning; and (3) by denying appellant's motion for instructed verdict contesting sufficiency of the evidence proving appellant was operating the vehicle. We affirm.

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Hous-

## Facts

On December 14, 1994, appellant was involved in a minor traffic accident on Interstate Highway 10, in Colorado County. Department of Public Safety Trooper Jeff Pickett was dispatched to the scene where he observed appellant seated on the driver's side of a pickup truck, with the truck's engine running. As Trooper Pickett approached appellant's truck, appellant got out.

Trooper Pickett asked appellant to describe how the accident occurred. In a low, mumbled voice, appellant explained the accident, admitting that he had been driving. Trooper Pickett smelled alcohol on appellant's breath. When Trooper Pickett asked appellant for his driver's license and proof of insurance, appellant "fumbled" with his wallet. Based upon these observations, Trooper Pickett became suspicious of appellant's sobriety, but not absolutely sure of his intoxication. Therefore, Trooper Pickett administered three field sobriety tests to appellant. These included the HGN test, the finger-counting test, and the hand-clapping test. Appellant failed all three tests.

## Admissibility of Sobriety Test Evidence

▬ Appellant contends in his first and second points of error that the trial court erred by admitting evidence gathered from field-sobriety tests performed on appellant. The standard for reviewing a trial court's evidentiary rulings is de novo review of legal issues with deference to the trial court's resolution of fact issues. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997).

### A. HGN Test

Appellant argues in his first point of error that the trial court erred by admitting quantitative evidence of appellant's intoxication based upon Trooper Pickett's interpretation of the HGN test he administered to appellant. Appellant contends the trial court should have excluded Trooper Picket's testimony that, if appellant had been given an intoxilizer test at the time of the offense, his

ton, participating by assignment.

alcohol concentration "would have been at least a .10[%]."

To preserve this error for review, appellant relies on a running trial objection renewing all the objections he had made before, during a voir dire examination of the police witness outside the presence of the jury. While appellant has not pointed to that portion of the 43–page voir dire examination containing an objection that comports to his point of error on appeal, the portion we have been able to find that is most nearly comporting is:

> Secondly, I would object to the horizontal gaze nystagmus evidence on the basis that this witness [Officer Pickett] is not qualified to interpret the results of the test. The best analogy that I can give is the intoxilizer. A person can be trained how to use the machine. He can be trained to read the results; but when the State proves up an intoxilizer test, they have to bring a chemist or toxicologist in to say what those results mean—that that number on that machine equals intoxication. Here, I don't believe the State is going to produce anybody with a scientific background or medical background who can say, "If your eye starts jerking at 'X' degrees instead of 'Y' degrees, that means that you're intoxicated."
>
> The officer can testify at what angle the Defendant's eye jerked, if it did, you know, the onset of nystagmus—at what angle— but he does not have the background and qualifications to testify as an expert as to what that means, if anything, so far as intoxication.

We read appellant's trial objection as complaining of any opinion by Officer Pickett regarding appellant's intoxication as a result of performing the HGN test. Appellant's objection does not distinguish between quantitative and qualitative opinions by the officer. This is crucial because Texas case law allows an officer to testify to the qualitative results of the HGN test, but not the quantitative results. *See Emerson v. State*, 880 S.W.2d 759, 769 (Tex.Crim.App.1994). In other words, an officer trained in administering the HGN test may give his opinion that a suspect is under the influence of alcohol, but

may not testify to that suspect's exact blood alcohol content. *Id.* Thus, appellant is correct that the officer should not have given his opinion about appellant's quantitative blood alcohol content based on the HGN test.

It is well settled, however, that when a trial objection is made to evidence, only parts of which are inadmissible, a defendant must identify the objectionable parts to preserve error for review. *See Brown v. State*, 692 S.W.2d 497, 501 (Tex.Crim.App. 1985). Therefore, appellant's running trial objection that the officer was not qualified to give any opinion about appellant's intoxication based on the HGN test was not specific enough to preserve error on appeal concerning his complaint that the officer's use of .10 improperly indicated the quantitative blood alcohol content results of the HGN test.

Accordingly, we overrule appellant's first point of error.

## B. Finger–Counting and Hand–Clapping Tests

In appellant's second point of error, he contends that the trial court erred by admitting Trooper Pickett's testimony concerning the manner in which appellant performed two other field sobriety tests, the "finger-counting" and "hand-clapping" tests. Appellant argues his performance of these tests constituted testimonial acts done prior to receiving his *Miranda* warning, which rendered testimony concerning appellant's performance inadmissible.

Appellant bases his argument upon the United States Supreme Court's holding in *Pennsylvania v. Muniz*, 496 U.S. 582, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990), as followed in Texas by *Vickers v. State*, 878 S.W.2d 329 (Tex.App.—Fort Worth 1994, pet. ref'd) (holding that trial court erred by admitting a video showing suspect taking sobriety tests consisting of the recitation of the alphabet from "f" to "w" and counting backwards from 90 to 75). However, the Court of Criminal Appeals has declined to follow *Vickers*. That court has since held that a videotape showing a suspect counting and reciting the alphabet during the course of field sobri-

ety tests is admissible. *Gassaway v. State*, 957 S.W.2d 48, 50 (Tex.Crim.App.1997).

The *Gassaway* Court concluded that the performance of sobriety tests involving counting and reciting the alphabet show only the condition of a suspect's body. *Id.* at 51. Any indication of intoxication comes from a suspect's demeanor, the manner in which he speaks, and whether he has the mental ability to perform the tests correctly. *Id.* Therefore, performance of sobriety tests involving counting and reciting the alphabet are not testimonial in nature. Instead, they are physical evidence of the functioning of appellant's mental and physical faculties. *Id.*

Appellant's complaint concerns the "finger-counting" and "hand-clapping" sobriety tests. To complete the finger-counting test, Trooper Pickett told appellant to use his fingers to count from one to four and then back to one. Appellant was to do this three times. To complete the hand-clapping test, Trooper Pickett told appellant to clap the palms of his hands together, and then to turn his hands over and clap the backsides of his hands together. Each time appellant clapped the backsides of his hands together, he was to count.

Like the sobriety tests in *Gassaway*, any indication of intoxication from either the finger-counting test or the hand-clapping test derives from a suspect's demeanor, the manner in which he speaks, and whether he has the mental ability to perform the tests correctly. Therefore, appellant's performance during these sobriety tests was not testimonial in nature, but was physical evidence of the functioning of appellant's mental and physical faculties. Accordingly, the trial court did not abuse its discretion by admitting Trooper Pickett's testimony concerning the manner in which appellant performed the finger-counting and hand-clapping tests.

We overrule appellant's second point of error.

1. 922 S.W.2d 126 (Tex.Crim.App.1996).

2. The remedy for factual insufficiency of the evidence is a new trial. *Clewis,* 922 S.W.2d at 133–34. This makes it equivalent to a trial court's granting a motion for new trial because the ver-

## Legal Sufficiency

■ Appellant contends in his third point of error that the trial court erred by not granting his motion for instructed verdict. Appellant acknowledges he was seated in his pickup, with the engine running, when Trooper Pickett arrived at the scene, but claims this is legally insufficient to establish that he was operating his pickup at the time of the offense.

### A. Standard of Review

■ A complaint about the denial of an instructed verdict is reviewed as an attack on the sufficiency of the evidence. *See Cook v. State,* 858 S.W.2d 467, 470 (Tex.Crim.App. 1993). Because *Cook* was decided when the only sufficiency review in criminal cases was legal sufficiency, i.e., before *Clewis v. State* [1] defined factual sufficiency review in criminal cases, *Cook* naturally referred to legal sufficiency of the evidence as the appropriate standard of review for denials of instructed verdicts. Moreover, it is appropriate that instructed verdicts determine legal sufficiency, in that the remedies for legal insufficiency of the evidence and a motion for instructed verdict are the same—acquittal.[2] The standard for reviewing the legal sufficiency of evidence to support a conviction is whether, after reviewing the evidence in a light most favorable to the verdict, any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Lane v. State,* 933 S.W.2d 504, 507 (Tex.Crim.App.1996) (citing *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979)).

### B. Operating a Vehicle

Appellant relies on cases holding the evidence insufficient to prove operation of the vehicle under facts similar to this case. *See Ballard v. State,* 757 S.W.2d 389 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); *Reddie v. State,* 736 S.W.2d 923 (Tex.App.—San An-

dict is against the law and the evidence. Tex. R.App. P. 21.3(h) ("The defendant must be granted a new trial for any of the following reasons: . . . (h) when the verdict is contrary to the law and the evidence.").

tonio 1987, pet. ref'd). We have already set out the evidence in the light most favorable to the jury's verdict. The facts of this case are distinguishable from those of *Ballard* and *Reddie,* which do not include a defendant's admission. Here, appellant admitted, at the scene, that he was driving his truck when the accident happened. Further, appellant acknowledged he was driving and that 20 to 25 minutes had elapsed between the time the accident occurred and the time Trooper Pickett arrived at the scene. Viewing this evidence in a light most favorable to the verdict, we conclude that any rational fact finder could have found that appellant was operating his pickup while intoxicated.

We overrule appellant's third point of error.

### Conclusion

We affirm the judgment of the trial court.