Affirmed and Opinion filed _____________, 2002

















Affirmed and Opinion
filed February 13, 2003.                                                           

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00286-CR  

____________

 

THOMAS POWELL HALE,
JR. Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the County Court

                                                        Chambers
 County, Texas                    

Trial Court Cause
No. 20191-00 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

Appellant was convicted of driving while intoxicated and
sentenced to eighteen months’ probation and a $1,000 fine.  Appellant asserts the evidence is
insufficient either to show he was intoxicated at the time he drove or to
corroborate his extrajudicial admission of driving.  Following the usual standards of review for
evaluating factual and legal sufficiency, we affirm.  See
King v. State, 29 S.W.3d 556, 563 (Tex.
Crim. App. 2000); Westbrook
v. State, 29 S.W.3d 103, 111 (Tex.
Crim. App. 2000).

Around 11:00 p.m.
on August 26, 2000, Trooper
Jason Taylor was dispatched to investigate an accident reported on Interstate
10.  About fifteen minutes later, Taylor
came upon the scene, and found appellant’s truck resting partially off the
shoulder of the highway on the grass. 
Appellant was asleep in the floorboard truck, with the engine
running.  Taylor
woke appellant and asked him to get out of the truck.  Taylor
testified that he smelled alcohol on appellant’s breath and that appellant
admitted he had been drinking.  Appellant
told Taylor he had driven from Sylvan
 Beach Park
and stopped because of a blow-out.  After
appellant performed poorly on several field sobriety tests, Taylor
arrested him for driving while intoxicated. 
Taylor also spoke with an
eyewitness who had reported the accident after he saw appellant’s vehicle
collide with the guardrail.

A person commits the offense of driving while intoxicated by
operating a motor vehicle in a public place while intoxicated.  Tex. Pen. Code Ann. § 49.04 (Vernon Supp. 2001).  Appellant
argues the evidence is insufficient to show he “operated” the motor
vehicle.  Barton v. State, 882 S.W.2d 456, 458
(Tex. App.—Dallas 1994, no pet.). 
He also argues that an extrajudicial admission of driving is
insufficient.  Coleman v. State, 704 S.W.2d 511, 512 (Tex. App.—Houston [1st
Dist.] 1986, pet. ref’d); Hanson v. State, 781 S.W.2d 445, (Tex. App.—Fort Worth 1989, pet.
granted), appeal abated, 790 S.W.2d
646 (Tex. Crim. App. 1990) (abating appeal due to
death of appellant).  But evidence that
the accused was the sole occupant of a vehicle and was seated in the driver’s
seat with the engine running, when combined with an admission to the arresting
officer that he was driving, has been held sufficient to show that the accused
was driving.  See Hearne v. State, 80 S.W.3d 677, 678–79 (Tex.
App.—Houston [1st Dist.] 2002); Yoens v. State, 988 S.W.2d 404, 408 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). Therefore, we find the totality of the
evidence here is factually and legally sufficient to support appellant’s
conviction for driving while intoxicated. 


The judgment is
affirmed.                                                                                                                                                                                        

                                                            /s/        Scott Brister

                                                                        Chief
Justice

 

Judgment
rendered and Opinion filed February
 13, 2003.

Panel
consists of Chief Justice Brister and Justices Hudson and Yates.

Do
Not Publish — Tex. R.
App. P. 47.2(b).