Opinion issued December 2, 2004








 
   






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00649-CR




DAVID ALLEN LORENZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 6
Harris County, Texas
Trial Court Cause No. 1065479




O P I N I O N

          Appellant, David Allen Lorenz, pleaded not guilty to the misdemeanor offense
of driving while intoxicated (DWI). After a jury convicted appellant, the trial court
assessed punishment at 180 days in jail, suspended, placed appellant on community
supervision for one year, and imposed an $800 fine. In three issues, appellant
contends that (1) the evidence is legally and factually insufficient to sustain his
conviction and (2) the trial court erred by permitting the arresting officer to testify
that three studies had found that the combination of field-sobriety tests administered
to appellant were 91 to 95 percent accurate in determining that a person was
intoxicated. We affirm.Background
          Late at night on June 28, 2001, a deputy assigned as a patrol officer with the
Harris County Precinct Four Constable’s Office stopped a vehicle driven by appellant
for speeding on West FM 1960. When the deputy approached appellant, he noticed
that appellant’s eyes were bloodshot, that his speech was slurred, and that he had a
strong odor of an alcoholic beverage on his breath. Appellant admitted that he had
consumed several beers earlier that night.        
          Appellant performed four field-sobriety tests as follows: (1) the Horizontal
Gaze Nystagmus (HGN)


 test, (2) the walk-and-turn test, (3) the one-leg-stand test
and (4) the Rhomberg test. Appellant exhibited signs of intoxication on each of the
tests. From appellant’s performance on the field-sobriety tests, the deputy formed the
opinion that appellant had lost the normal use of his mental and physical faculties, by
reason of the introduction of alcohol into his body, and arrested appellant for DWI. 
At the police station, appellant refused to submit a breath sample into the intoxilizer
instrument. Appellant also refused to perform any field-sobriety tests while recorded
on videotape.
          At trial, appellant testified that he was not intoxicated, but he acknowledged
having consumed portions of three alcoholic beverages. Appellant’s employee, who
accompanied appellant that evening, also testified that appellant had not lost the
normal use of his mental and physical faculties. 
Sufficiency of the Evidence
          Appellant’s second and third points of error challenge the legal and factual
sufficiency of the evidence to support his conviction for DWI. Appellant contends
that the evidence is insufficient to establish that he had lost the normal use of his
mental or physical faculties. 
          In assessing legal sufficiency, we determine whether, based on all of the record
evidence, viewed in the light most favorable to the verdict, a rational jury could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); Swearingen v. State,
101 S.W.3d 89, 95 (Tex. Crim. App. 2003). In conducting our review of the legal
sufficiency of the evidence, we do not reevaluate the weight and credibility of the
evidence, but only ensure that the jury reached a rational decision. Muniz v. State,
851 S.W.2d 238, 246 (Tex. Crim. App. 1993). 
          In a factual-sufficiency review, we view all the evidence in a neutral light and
will set aside the verdict only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004). In conducting a factual-sufficiency review,
we must discuss the evidence that appellant contends most undermines the jury’s
verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Unless the
available record clearly reveals that a different result is appropriate, an appellate court
conducting a factual-sufficiency review must defer to the jury’s determination
concerning what weight to give conflicting testimony because resolution often turns
on evaluation of credibility and demeanor. Johnson v. State, 23 S.W.3d 1, 8 (Tex.
Crim. App. 2000). To prove appellant guilty of the offense of DWI, the State was required to
establish beyond a reasonable doubt that he did not have the normal use of his mental
or physical faculties while he operated a motor vehicle in a public place. Tex. Pen.
Code Ann. §§ 49.01(2)(A), 49.04 (a) (Vernon 2003). Appellant contends that the
evidence is legally and factually insufficient because (1) he did not operate his
vehicle in a manner that suggested he was intoxicated, (2) he had no physical, motor
difficulty producing his driver’s license and proof of insurance, (3) he had no trouble
understanding each of the field-sobriety tests that the deputy asked him to perform,
(4) he did not appear impaired on the videotape shown to the jury, and (5) the sole
testimony of his intoxication came from the arresting officer. 
          The record shows that appellant exhibited the following: (1) bloodshot eyes;
(2) slurred speech; and (3) a strong odor of an alcoholic beverage on his breath. In
addition, appellant acknowledged that he had consumed portions of three alcoholic
beverages within an hour and 15 minutes. From the officer’s descriptions of
appellant’s performance on the four field-sobriety tests, the jury learned that appellant
(1) had six clues on the HGN; (2) put his foot down three times, swayed three times,
and raised his arms for balance twice during the one-leg-stand test; (3) missed
stepping heel-to-toe seven times, raised his arms for balance four times, could not
keep his balance during the instructions phase, and turned in the wrong direction
during the walk-and-turn test; and (4) estimated 18 seconds for 30 seconds and
exhibited a one-to-two-inch circular sway while he attempted to balance during the
Rhomberg test. The officer testified that, in his opinion, based on appellant’s
performance on the field-sobriety tests, appellant had lost the normal use of his
mental and physical faculties. 
          Viewed in the light most favorable to the verdict, a rational jury could have
found that appellant had lost the normal use of his mental and physical faculties,
based on having introduced alcohol into his body, and that the State proved the
essential elements of the offense beyond a reasonable doubt. See Jackson, 443 U.S.
at 318-19, 99 S. Ct. at 2788-89; Swearingen, 101 S.W.3d at 95. The evidence is
therefore legally sufficient to sustain appellant’s conviction for DWI. 
          We also conclude that the evidence is not so weak that the verdict is clearly
wrong and manifestly unjust; likewise, the contrary evidence, consisting of the
testimony of appellant and his employee, is not so strong that the standard of proof
beyond a reasonable doubt could not have been met. See Escamilla, 143 S.W.3d at
817. Because the available record here does not clearly reveal that a different result
is appropriate, we must defer to the jury’s determination about what weight to give
conflicting testimony concerning evidence of appellant’s intoxication because
resolution turns on evaluation of the witnesses’ credibility and demeanor. See
Johnson, 23 S.W.3d at 8. We hold that the evidence is factually sufficient to sustain
the conviction.
          We overrule appellant’s second and third points of error. Evidence of Defendant’s Specific Blood Alcohol Content
          In his first point of error, appellant contends that the trial court committed
harmful, reversible error by permitting the arresting officer to testify that the
combination of field-sobriety tests administered to appellant, “including the HGN
test, had been determined by experts to be highly reliable, where such a conclusion
was not justified, and therefore the testimony [was] inadmissible under rule 702 of
the Texas Rules of Evidence.”


 Appellant’s specific complaint concerns the officer’s
testimony that three studies had found that the three field-sobriety tests conducted on
appellant—the HGN, the one-leg stand, and the walk-and-turn test—were 91 to 95
percent “accurate” when used in conjunction with each other. Appellant asserts that,
by mentioning the HGN test as part of the field-sobriety tests that he performed on
appellant, the arresting officer was in effect testifying that the HGN test “correlated
to a particular intoxication level” in violation of Emerson v. State, 880 S.W.2d 759,
769 (Tex. Crim. App. 1994).
          We review a trial court’s decision to admit or exclude evidence under an abuse-of-discretion standard, and will not reverse the ruling unless it falls outside the zone
of reasonable disagreement. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App.
2002).
          A peace officer may not correlate a defendant’s blood alcohol content (BAC)
with the defendant’s performance on field-sobriety tests. Emerson, 880 S.W.2d at
769 (holding peace officer may not correlate defendant’s performance on HGN test
to precise BAC); Webster v. State, 26 S.W.3d 717, 723 (Tex. App.—Waco 2000, pet.
ref’d) (holding that testimony that 75 percent of subjects who have four clues on
HGN test would have BAC over .10 was impermissible attempt to estimate Webster’s
BAC on basis of HGN-test results); Smith v. State, 65 S.W.3d 332, 345-48 (Tex.
App.—Waco 2001, no pet.) (holding that trial court erred by allowing peace officer
to testify that (1) defendant who had four clues on HGN would have BAC over .08
percent, (2) when person has two or more clues on one-leg-stand test, that test is 83
percent accurate in showing that person would have BAC of .08 or higher, (3)when
person has two or more clues on walk-and-turn test, that test is 79 percent accurate
in showing that person would have BAC of .08 or higher). In short, a peace officer
may give qualitative, but not quantitative, results from field-sobriety tests. Youens 
v. State, 988 S.W. 2d 404, 406 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (citing
Emerson, 880 S.W.2d at 769) (referring to HGN test)).
          The question before this court is whether testimony that field-sobriety tests are
91 to 95 percent accurate impermissibly correlates to a defendant’s quantitative BAC. 
Under the circumstances presented here, we conclude that it does not.
          The trial court’s instructions to the jury defined “intoxication” as “not having
the normal use of mental or physical faculties by reason of the introduction of alcohol
into the body.” The jury was not instructed that Texas also defines intoxication as
having a BAC of 0.08 or above, and appellant was not charged with having a BAC
above the legal limit. The jury learned only that appellant refused to submit a breath
sample into the intoxilizer. No evidence was introduced to explain that the intoxilizer
is used to quantify a person’s BAC. The only evidence arguably relating to BAC came
from the officer’s testimony that appellant did not have a high concentration of alcohol
according to the vertical nystagmus test. But here, too, no evidence addressed
appellant’s precise BAC.
          Following a hearing conducted outside the presence of the jury, the trial court
ruled that the arresting officer could not testify about appellant’s specific BAC, but
would be allowed to discuss the statistical evidence. The arresting officer’s testimony
outside the presence of the jury impliedly correlated appellant’s exhibiting signs of
intoxication on the three field-sobriety tests with a BAC above the legal limit. Outside
the presence of the jury, the officer explained that three studies showed that 91 to 95
out of 100 people who appeared intoxicated on the HGN, walk-and-turn, and one-leg-stand field-sobriety tests had a BAC above the legal limit. The officer further
acknowledged, outside the presence of the jury, that each of the three non-Texas
studies “related to a group of individuals who comply with those three tests, based
their evaluations of those three tests, . . . that percentage of a group would be above
the legal per se law for that state.” Because the deputy’s testimony outside the
presence of the jury effectively quantified appellant’s BAC to be above the legal limit,
the trial court correctly ruled that the arresting officer would not be allowed to
correlate appellant’s performance on field-sobriety tests with his BAC. See Emerson,
880 S.W.2d at 769; See Webster, 26 S.W.3d at 723; See Smith, 65 S.W.3d at 345-48.          By excluding all references to BAC, the trial court ensured that the jury received
very limited information concerning the studies. The arresting officer gave the
following testimony concerning the reliability of the field-sobriety tests before the
jury:
State’s attorney: And it is the NHTSA manual that you apply in your
daily practice with field-sobriety tests?
 
          Witness:                Yes. Sir.
 
State’s attorney: And are you familiar with any validation studies
concerning the field-sobriety tests?
 
Witness: Yes. Sir.
 
State’s attorney: And could you tell the jury what the percentage of
reliability factors are that you are aware of?
 
Witness: The three studies were made, one in 1995, made in
Colorado, 1996 made in Florida, 1997 made in San
Diego, California. The study made in Colorado
shows utilizing the HGN or horizontal gaze
nystagmus test, one leg stand test and walk and turn
test in conjunction to be 93 percent accurate. The
Florida test, using all three tests again, showed to be
95 percent accurate. The San Diego, California
studies showed to be 91 percent accurate.
 
          The trial court’s order, which precluded the State from mentioning appellant’s
BAC or that the studies involved testing the subject’s BAC to determine if the field
sobriety tests were “accurate,” properly removed from the jury all references to BAC. 
We cannot conclude, therefore, that the trial court erred by allowing the statistical
evidence on the grounds that it conveyed appellant’s specific BAC to the jury in
violation of Emerson. See Wisdom v. State, 39 S.W.3d 320, 322-23 (Tex.
App.—Waco 2001, no pet.) (holding that evidence from DWI Detection Manual,
stating that HGN used in conjunction with walk-and-turn test was 80 percent accurate,
as well as other statistics concerning reliability of field sobriety tests, were admissible
under rule of optional completeness under circumstances demonstrating that appellant
offered other portions of manual into evidence). Because no references to BAC were
made at appellant’s trial, we hold that the testimony that field-sobriety tests are over
90 percent reliable did not convey the defendant’s specific BAC to the jury.


 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
 
 
 
 
 
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Publish. Tex. R. App. P. 47.2(b).