

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00387-CR

**AARON ZANE SOMERS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 08-00910-CRF-272

## DISSENTING OPINION

I respectfully dissent because I believe the trial court abused its discretion by excluding the EMIT test results and, as a result, deprived Somers of his due process right to present a defense.

The trial court excluded this evidence because it found "no nexus" between the test results and Michelle Briggs's death. At the time of the collision, Briggs's car was parked slightly on the pavement. A bystander who responded to the accident within one or two minutes noticed that Briggs had no pulse and her eyes were rolled back in

her head. A medical expert called by the defense testified that it takes about five minutes after the heart stops for the eyes to do this. And after reviewing the CT scan of Briggs's brain, he opined that the scan indicates "anoxic brain injury," namely, "that the brain didn't get enough blood at some point." This condition is "more commonly caused by heart conditions" than by blunt force trauma, which the autopsy report identified as the cause of death. Another medical expert testified that the prolonged use of amephetamines and cocaine can precipitate heart attacks.

The EMIT test was conducted about one month after Briggs's death. It revealed the possible presence of benzoylecgonine, a metabolite of cocaine. The experts testified that the EMIT test is a reliable presumptive screening test and that false positives are very rare. The GC test conducted nearly a year later revealed the presence of a very small quantity of cocaine in Briggs's blood. The experts agreed that cocaine degrades very rapidly so preservatives must be added to blood specimens to ensure the accuracy of later tests. Here, no preservatives were added to Briggs's blood specimen.-

Presiding Judge Keller of the Court of Criminal Appeals has observed that EMIT test results have been "overwhelmingly accepted as reliable" and their reliability is "well-recognized." *Hernandez v. State*, 116 S.W.3d 26, 42 (Tex. Crim. App. 2003) (Keller, P.J., concurring) (citing *Jones v. United States*, 548 A.2d 35, 44-46 (D.C. 1988)). As a screening test for the presence of cocaine or other controlled substances, the EMIT test is quite similar to portable breath testing devices and the horizontal gaze nystagmus test, both of which have been ruled relevant and admissible regarding the presence (but not the quantity) of alcohol in a defendant's body on the occasion in question. *See Youens v.*

*State*, 988 S.W.2d 404, 406 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("an officer trained in administering the HGN test may give his opinion that a suspect is under the influence of alcohol, but may not testify to that suspect's exact blood alcohol content"); *Fernandez v. State*, 915 S.W.2d 572, 576 (Tex. App.—San Antonio 1996, no pet.) (portable breath test evidence admissible to establish presence of alcohol but not alcohol concentration).

Somers sought to introduce this evidence to support his theory that Briggs died of a heart attack because of cocaine usage, which could explain why her car was parked partially on the road at the time of collision. This explanation would also be consistent with the CT scan. If this was the cause of death, then he would be guilty of only driving while intoxicated.

The exclusion of admissible evidence violates a defendant's right to due process "if the evidence forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense." *Potier v. State*, 68 S.W.3d 657, 665 (Tex. Crim. App. 2002). "In other words, the erroneous ruling goes to the heart of the defense." *Wiley v. State*, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002).

Here, the trial court excluded this evidence because of the perceived lack of a causal connection between the evidence and Briggs's cause of death. In other words, the court concluded that the evidence is irrelevant. "Rule of Evidence 401 defines relevant evidence, as 'evidence having *any tendency* to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Cameron v. State*, 241 S.W.3d 15, 20 (Tex. Crim.

App. 2007) (emphasis added) (quoting TEX. R. EVID. 401). "Evidence need not by itself prove or disprove a particular fact to be relevant; it is sufficient if the evidence provides a small nudge toward proving or disproving some fact of consequence." *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010) (quoting *Stewart v. State*, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004)).

Admittedly, Somers was able to present medical testimony suggesting that the cause of Briggs's death might have been an earlier heart attack rather than blunt force trauma, but the exclusion of the EMIT test results precluded him from presenting any evidence to support his central thesis that Briggs's died of a heart attack before the collision because she used cocaine. The exclusion of this evidence surely went to the heart of his defense. *See Kelly v. State*, No. 14-09-00166-CR, 2010 Tex. App. LEXIS 4506, at *20 (Tex. App.—Houston [14th Dist.] June 17, 2010, no pet.); *Dietz v. State*, 123 S.W.3d 528, 533 (Tex. App.—San Antonio 2003, pet. ref'd); *see also Cuadros-Fernandez v. State*, 316 S.W.3d 645, 664-65 (Tex. App.—Dallas 2009, no pet.) (exclusion of expert testimony regarding cause of death violated due process); *Stephenson v. State*, 226 S.W.3d 622, 628-29 (Tex. App.—Amarillo 2007, no pet.) (exclusion of expert testimony on reliability of eyewitness testimony violated due process where complainant's identification of defendant was sole evidence of guilt).

I would reverse the conviction because the exclusion of the EMIT test results violated Somers's due process right to present a defense. Because the majority does otherwise, I respectfully dissent.

FELIPE REYNA
Justice

Dissenting opinion delivered and filed November 24, 2010
Publish