IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00387-CR

 

Aaron Zane Somers,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court No. 08-00910-CRF-272

 



DISSENTING  Opinion



 








            I respectfully dissent because
I believe the trial court abused its discretion by excluding the EMIT test
results and, as a result, deprived Somers of his due process right to present a
defense.

            The trial court excluded
this evidence because it found “no nexus” between the test results and Michelle
Briggs’s death.  At the time of the collision, Briggs’s car was parked slightly
on the pavement.  A bystander who responded to the accident within one or two
minutes noticed that Briggs had no pulse and her eyes were rolled back in her
head.  A medical expert called by the defense testified that it takes about
five minutes after the heart stops for the eyes to do this.  And after
reviewing the CT scan of Briggs’s brain, he opined that the scan indicates
“anoxic brain injury,” namely, “that the brain didn’t get enough blood at some
point.”  This condition is “more commonly caused by heart conditions” than by
blunt force trauma, which the autopsy report identified as the cause of death. 
Another medical expert testified that the prolonged use of amephetamines and
cocaine can precipitate heart attacks.

            The EMIT test was conducted
about one month after Briggs’s death.  It revealed the possible presence of
benzoylecgonine, a metabolite of cocaine.  The experts testified that the EMIT
test is a reliable presumptive screening test and that false positives are very
rare.  The GC test conducted nearly a year later revealed the presence of a
very small quantity of cocaine in Briggs’s blood.  The experts agreed that
cocaine degrades very rapidly so preservatives must be added to blood specimens
to ensure the accuracy of later tests.  Here, no preservatives were added to
Briggs’s blood specimen.-

            Presiding Judge Keller of
the Court of Criminal Appeals has observed that EMIT test results have been “overwhelmingly
accepted as reliable” and their reliability is “well-recognized.”  Hernandez
v. State, 116 S.W.3d 26, 42 (Tex. Crim. App. 2003) (Keller, P.J.,
concurring) (citing Jones v. United States, 548 A.2d 35, 44-46 (D.C.
1988)).  As a screening test for the presence of cocaine or other controlled
substances, the EMIT test is quite similar to portable breath testing devices
and the horizontal gaze nystagmus test, both of which have been ruled relevant
and admissible regarding the presence (but not the quantity) of alcohol in a
defendant’s body on the occasion in question.  See Youens v. State,
988 S.W.2d 404, 406 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (“an officer
trained in administering the HGN test may give his opinion that a suspect is
under the influence of alcohol, but may not testify to that suspect's exact
blood alcohol content”); Fernandez v. State, 915 S.W.2d 572, 576 (Tex. App.—San Antonio 1996, no pet.) (portable breath test
evidence admissible to establish presence of alcohol but not alcohol
concentration).

            Somers sought to introduce
this evidence to support his theory that Briggs died of a heart attack because
of cocaine usage, which could explain why her car was parked partially on the
road at the time of collision.  This explanation would also be consistent with
the CT scan.  If this was the cause of death, then he would be guilty of only
driving while intoxicated.

            The exclusion of admissible evidence
violates a defendant’s right to due process “if the evidence forms such a vital
portion of the case that exclusion effectively precludes the defendant from
presenting a defense.”  Potier v. State, 68 S.W.3d 657, 665 (Tex. Crim.
App. 2002).  “In other words, the erroneous ruling goes to the heart of the
defense.”  Wiley v. State, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002).

            Here, the trial court
excluded this evidence because of the perceived lack of a causal connection
between the evidence and Briggs’s cause of death.  In other words, the court
concluded that the evidence is irrelevant.  “Rule of Evidence 401 defines
relevant evidence, as ‘evidence having any tendency to make the
existence of any fact that is of consequence to the determination of the action
more probable or less probable than it would be without the evidence.’”  Cameron
v. State, 241 S.W.3d 15, 20 (Tex. Crim. App. 2007) (emphasis added)
(quoting Tex. R. Evid. 401).  “Evidence
need not by itself prove or disprove a particular fact to be relevant; it is
sufficient if the evidence provides a small nudge toward proving or disproving
some fact of consequence.”  Kirsch v. State, 306 S.W.3d 738, 743 (Tex.
Crim. App. 2010) (quoting Stewart v. State, 129 S.W.3d 93, 96 (Tex.
Crim. App. 2004)).

            Admittedly, Somers was able
to present medical testimony suggesting that the cause of Briggs’s death might
have been an earlier heart attack rather than blunt force trauma, but the
exclusion of the EMIT test results precluded him from presenting any evidence
to support his central thesis that Briggs’s died of a heart attack before the
collision because she used cocaine.  The exclusion of this evidence surely went
to the heart of his defense.  See Kelly v. State, No.
14-09-00166-CR, 2010 Tex. App. LEXIS 4506, at *20 (Tex. App.—Houston [14th
Dist.] June 17, 2010, no pet.); Dietz v. State, 123 S.W.3d 528, 533 (Tex. App.—San Antonio 2003, pet. ref’d); see also
Cuadros-Fernandez v. State, 316 S.W.3d 645, 664-65 (Tex. App.—Dallas 2009, no pet.) (exclusion of expert
testimony regarding cause of death violated due process); Stephenson v.
State, 226 S.W.3d 622, 628-29
(Tex. App.—Amarillo 2007,
no pet.) (exclusion of expert testimony on reliability of eyewitness testimony
violated due process where complainant’s identification of defendant was sole
evidence of guilt).

I would reverse the conviction because the
exclusion of the EMIT test results violated Somers’s due process right to
present a defense.  Because the majority does otherwise, I respectfully
dissent.

 

FELIPE REYNA

Justice

 

Dissenting opinion
delivered and filed November 24, 2010

Publish






an>
Affirmed
Opinion delivered and filed February 10, 1999
Do not publish