**Richard Allen HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–83–0411–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 1, 1984.

Rehearing Denied March 22, 1984.

Marshall Davis Brown, Jr., Houston, for appellant.

Harvey Hudson, Houston, for appellee.

Before SMITH, DUGGAN and BULL-OCK, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant guilty of aggravated robbery and thereafter found the enhancement paragraphs of the indictment to be true. Following the court's assessment of the mandatory life sentence, appellant urges four grounds of error on appeal. The sufficiency of the evidence is not challenged.

■ By his first ground of error, appellant alleges the court committed fundamental error by charging the jury with a method of aggravated robbery not included in the indictment. The applicable portion of the indictment reads as follows:

[Appellant] ... did ... while in the course of committing theft of property owned by [complainant] ... and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a firearm.

The definition of robbery stated in the portion of the charge instructing the jury on the abstract law reads:

A person commits the offense of robbery if, while in the course of committing theft and with intent to obtain or maintain control of property, he intentionally or knowingly (1) causes bodily injury to another or (2) threatens or places another in fear of imminent bodily injury or death. Robbery becomes aggravated if either serious bodily injury is inflicted or a deadly weapon is used or exhibited.

The portion of the charge applying the law to the facts states, in relevant part:

Now, therefore, if you believe ... the defendant, Richard Allen Hill, ... did ..., while in the course of committing theft of property owned by [complainant] ..., and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting

a deadly weapon, namely, a firearm, you will find the defendant guilty as charged. While the charge's general statement of the law of the offense sets forth both methods of committing aggravated robbery, Tex.Penal Code Ann. § 29.03 (Vernon 1974), the portion of the charge applying the law to the facts tracks the language of the indictment exactly. Appellant made no objection to the definitional portion of the charge at trial. The Court of Criminal Appeals has consistently held such charges to be acceptable. There is no error. *Grady v. State,* 614 S.W.2d 830, 831 (Tex.Cr. App.1981); *Toler v. State,* 546 S.W.2d 290, 293–94 (Tex.Cr.App.1977); *Martinez v. State,* 157 Tex.Cr.R. 603, 252 S.W.2d 186, 187–88 (1952). Ground of error one is overruled.

■ Appellant next urges error in the admission of prejudicial evidence of extraneous offenses during the State's direct examination of a Houston police officer.

The witness was asked:

Q: Did you have occasion to come in contact with an individual you later came to know as Richard Allen Hill?

A: Yes, I did.

Q: Could you please explain to us how that came about?

A: I responded to a call of a possible robbery in progress at a convenience store on East Crosstimbers.

[DEFENSE COUNSEL]: I object. May the jury be retired, if the Court please?

Counsel argued, out of the jury's presence, that reference to an extraneous offense, another robbery on another date implicating the appellant, required a mistrial. The court announced no ruling but obtained the prosecutor's assurance that the jury would be told no robbery occurred. When the jury returned, testimony continued:

[THE COURT]: You may proceed.

Q: Officer Nelson, you said something about you had a report of a robbery in progress. Did there turn out to be a robbery in progress?

A: No, sir.

The officer said that he received information on a suspicious vehicle parked behind the store in an apartment parking lot; that he saw three black females and a white man, the appellant, in the car; and that he followed the car and subsequently arrested appellant because a warrant for his arrest had been issued.

Any misimpression that appellant was captured while robbing another establishment was corrected. No extraneous offense was introduced by the officer's testimony.

■ Appellant also argues that error occurred when the State was allowed to introduce the fact that the officer had an arrest warrant for appellant based on another offense. The statement of facts reveals that defense counsel developed, outside the jury's presence, that the officer knew of the existence of a felony warrant for appellant based on a burglary of a habitation. Prior to the jury's return, the trial court told the prosecutor, "You may go into the fact there is a warrant for his arrest but not what it is for."

Again, no extraneous offense was revealed to the jury. Appellee's second ground of error two is overruled.

By his third ground of error, appellant asserts fundamental error in the trial court's failure, despite timely *pro se* motions, to conduct a hearing "relative to the effective assistance of counsel rendered the appellant." Appellant cites no authority holding such inaction to be fundamental error. Instead, he argues that, since appointment of counsel for an indigent defendant and effective assistance of counsel are constitutional rights of an accused, a court's refusal to allow a criminal defendant to present evidence in support of timely filed pre-trial motions concerning counsel's incompetence, ineffectiveness, or wrongdoing is incompatible with the mandates of Article I, Section 10, of the Texas Constitution and the Sixth Amendment of the United States Constitution. Appellant argues:

Obviously, the instant "Catch 22" situation where a criminal defendant must show ineffective assistance of counsel

from the Court's record but is summarily denied the opportunity to make such a record is both an embarrassment to our concept of justice and an outrage that cannot be tolerated by a free society.

The transcript shows that on February 4, 1983, the trial court, upon its own motion, appointed counsel for the indigent defendant, and that attorney filed three pre-trial motions in appellant's behalf. The court's docket sheet also indicates several courtroom appearances by the attorney with his client. The statement of facts demonstrates that counsel presented a competent, conscientious defense at trial.

Nevertheless, between March 4 and May 24, appellant filed eleven *pro se* pre-trial motions, two of which related to his dissatisfaction with his appointed counsel and two of which requested that appellant be allowed to act as co-counsel. On March 4, over three months before trial, appellant filed a "Notice That the Defendant will not accept Thomas C. Dunn as his Attorney of Record, and Request for Competent Counsel." On May 9, one month before trial, he filed his "Motion to Be Recognized as Co-Counsel." On May 20 he filed his "Motion to Be Releived [sic] of Appointed Counsel and Appointment of Replacement" and "Defendants Motion to Act as Co-Counsel."

Three of appellant's *pro se* motions—one seeking disclosure of witnesses, one requesting inspection of physical evidence, and a motion in limine to exclude inflammatory material—were presented by defense counsel at a pre-trial motion hearing the day trial began. During trial, when the State rested its case in chief, appellant asked the court whether the record showed that the remaining motions were denied, to which the court answered, "No."

THE DEFENDANT: Is there any way possible it can be entered into the record?

THE COURT: What motion specifically?

THE DEFENDANT: Every one of them which was filed.

THE COURT: First, there are several things wrong with that. First of all, you are not co-counsel and never will be. That is not the law of the State of Texas.

Secondly, some of the motions were not timely filed, and, no I am not going to consider them at this late date.

The record does not indicate that the trial court was actually ever made aware of appellant's dissatisfaction with the attorney appointed to represent him, even when he belatedly requested a ruling on his *pro se* motions at trial. It appears that the trial court considered the *pro se* motions as appellant's attempt to act as a co-counsel in the case. The trial court properly refused to permit such hybrid representation.

■ A defendant has a constitutional right to counsel, but not to counsel of his own choice. *United States v. Robinson,* 553 F.2d 429, 430 (5th Cir.1977), *cert. denied* 434 U.S. 1016, 98 S.Ct. 735, 54 L.Ed.2d 761 (1978). "Representation by counsel not of one's choosing does not, in itself, deprive one of effective assistance of counsel," *Rubio v. Estelle,* 689 F.2d 533, 535 (5th Cir. 1982), and a trial judge is under no duty to search for an attorney agreeable to the defendant. *Lyles v. State,* 582 S.W.2d 138, 141 (Tex.Cr.App.1979); *Gonzales v. State,* 532 S.W.2d 343, 345 (Tex.Cr.App.1976). The defendant must accept counsel assigned by the court unless he effectively waives the right to counsel in order to represent himself or can show adequate cause for the appointment of a different attorney. *Thomas v. State,* 550 S.W.2d 64, 68 (Tex.Cr.App.1977).

■ Appellant did not waive his right to counsel. His first request for different counsel states, under oath, that the appointed attorney refused to respond to written requests and phone calls, refused to file motions appellant wanted him to file, failed to investigate the case and talk with appellant's co-defendants, and appeared to appellant's family incapable of handling his cases properly. Appellant's second request for appointment of replacement counsel, filed two and one-half months later, alleges similar disinterest and refusal to investi-

gate. Neither document requests a hearing.

The failure of a trial court to conduct a hearing on a motion to dismiss counsel was examined by the Court of Criminal Appeals in *Malcom v. State,* 628 S.W.2d 790 (Tex. Cr.App.1982). The Court stated in that case:

> If a defendant is displeased with his appointed counsel, he must bring the matter to the court's attention. Thereupon, the defendant carries the burden of proving that he is entitled to a change of counsel.

*Id.* at 791. In *Malcom,* the defendant filed a *pro se* motion for dismissal of court-appointed counsel and appointment of another attorney about two weeks before his trial, and the trial court overruled the motion the following day without affording appellant an opportunity to present evidence in support of his motion. In overruling appellant's contention that his due process rights were denied, the Court said:

> We have found no case law mandating the trial court to *sua sponte* hold a hearing on this matter. In addition, appellant never requested a hearing.

*Id.* at 792; *Stovall v. State,* 480 S.W.2d 223, 224 (Tex.Cr.App.1972).

■ In the present case, there is no abuse of the court's discretion to hold a hearing on the matter of counsel's effectiveness when the motions, though timely filed, were brought to the court's attention only at mid-trial, in the most general terms, and failed, in the first place, to even request such a hearing. *See* Tex.Code Crim. Pro.Ann. art. 28.01 (Vernon Supp.1982–83); *Schneider v. State,* 645 S.W.2d 463, 465 (Tex.Cr.App.1983); *Nelson v. State,* 626 S.W.2d 535 (Tex.Cr.App.1981). While the court's refusal to act upon the accused's pre-trial motions did not prevent him from raising ineffective assistance of counsel as a ground on appeal, we note that on appeal, when represented by other counsel, appellant chose not to make that allegation. Appellant's third ground of error is overruled.

Finally, appellant complains of fundamental error "in denying appellant compulsory process for available defense witnesses." About a month before trial, appellant filed a *pro se* Application for Writ of Habeas Corpus Ad Testificandum, in which he requested issuance of bench warrants so that two prisoners in the Harris County Jail and three prisoners confined in the Texas Department of Corrections could appear as defense witnesses. The trial court took no action on this application.

 There is no error. Aside from the fact that the application was brought to the court's attention halfway through the trial, the decision whether to subpoena witnesses and to question them is trial strategy, and, as such, a prerogative of trial counsel. *See Rockwood v. State,* 524 S.W.2d 292, 293 (Tex.Cr.App.1975). Appellant was not entitled to act as his own counsel and accept the services of court-appointed counsel at the same time. There is no right to hybrid representation in Texas. *Rudd v. State,* 616 S.W.2d 623, 625 (Tex.Cr.App.1981). Moreover, the application fails to allege any facts the requested witnesses would testify to if brought to court. *Black v. State,* 621 S.W.2d 630, 631 (Tex.Cr.App.1981).

Appellant's fourth ground of error is overruled. The judgment is affirmed.