Opinion issued November 10, 2004






            











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00070-CR
____________
 
MARK ADRIAN BARZAR, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 954659
 

 

MEMORANDUM OPINION
 
          As part of a negotiated plea agreement, appellant, Mark Adrian Barzar, pleaded
guilty to the offense of possession of cocaine weighing more than four but less than
200 grams. The trial court deferred adjudication of appellant’s guilt and placed him
on community supervision for five years. The State subsequently filed a motion to
adjudicate appellant’s guilt based on its allegations that appellant had failed to
comply with the conditions of his community supervision by committing a new
offense and by failing to perform community service. Appellant pleaded not true to
these allegations and, following a hearing on the State’s motion, the trial court
determined that appellant had violated the terms and conditions of his community
supervision. The trial court adjudicated appellant guilty, sentenced him to
confinement for 18 years, and fined him $750.
          In four points of error, appellant contends that the trial court erred in (1) failing
to conduct a hearing to determine whether appellant was receiving effective
assistance of counsel, (2) allowing the arresting officer to testify regarding a
statement appellant made without having first been apprised of his legal rights, and
(3) assessing punishment in violation of appellant’s rights against cruel and unusual
punishment.


 We affirm.
Factual and Procedural Background
            At the hearing on the State’s motion to adjudicate appellant’s guilt, Houston
Police Officer B. Tipps testified that, on October 20, 2003, he was dispatched to a
residential address to look for a female fugitive who was purportedly staying there. 
Tipps arrived at the house in his marked patrol car and saw two men standing in front
of the house. Tipps walked up to the two men, one of whom was appellant, and told
them why he was there. Tipps testified that, as he was questioning the men, appellant
removed a small plastic bag from his pocket and threw the bag to the ground. Tipps
then asked the men for their identification and, when he checked the information on
his computer, learned that appellant possibly had an open warrant. While he waited
for verification of the warrant, Tipps detained appellant by placing him in the back
of the patrol car. Tipps then picked up the bag that appellant had discarded and saw
that it contained a white, powdery substance. A subsequent field test of the contents
of the bag confirmed that the substance was cocaine.
          Tipps then asked appellant whether he was in possession of any more narcotics. 
Appellant told Tipps that he had more narcotics in his jacket inside the house, and
appellant then consented to a search of the house. Tipps then went inside the house
and, in the pocket of a jacket, found four more small “baggies” containing a similar
white, powdery substance, as well as a bag of marihuana. Tipps later sent all of the
bags to the Houston Police Department’s Narcotics Division for testing. Vipul Patel,
a chemist in the Houston Police Department’s crime laboratory, testified that a series
of tests conducted on the white powder contained in all of the bags indicated that, in
total, it constituted approximately 5.1 grams of cocaine. Tipps testified that he never
informed appellant of his legal right to remain silent


 during the time that he was
detained.
          Javier Fuentes, a probation officer with the Harris County Supervision and
Corrections Department, testified that, at the time of the hearing, appellant had
completed only 24 of his 30 required hours of community service.
                                      Ineffective Assistance of Counsel
          In his first point of error, appellant contends that the trial court erred in not
conducting a hearing on his pro se motion to dismiss his court-appointed trial
counsel. In his motion, appellant alleged that his trial counsel had “failed and is
continuing to fail to provide [appellant] with reasonably effective assistance of
counsel that he is entitled to, in that . . . [c]ounsel has taken to [sic] affirmative action
to preserve the rights valuably [sic] to [appellant].” Appellant also alleged that he
“has no faith and confidence” and “is not able to work with and place his trust” in his
trial counsel. At the outset of the hearing on the State’s motion to adjudicate, the trial
court indicated that it had considered appellant’s motion to dismiss his attorney and
denied the motion without a hearing.
          Here, appellant challenges the trial court’s denial, without a hearing, of his
claim that he was not receiving effective assistance of counsel. We note that, when
a defendant has been placed on deferred adjudication community supervision, no
appeal may be taken from a trial court’s subsequent determination to proceed with an
adjudication of the defendant’s guilt on the original charge. Tex. Code Crim. Proc.
Ann. art. 42.12, § 5(b) (Vernon Supp. 2004-2005). A trial court’s decision to proceed
with an adjudication of guilt is one of absolute discretion and is not reviewable. 
Connolly v. State, 983 S.W.2d 738, 739 (Tex. Crim. App. 1999); Delangel v. State,
132 S.W.3d 491, 493 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The Court of
Criminal Appeals has held that section 5(b) of article 42.12 also prohibits a defendant
from challenging, by direct appeal, the denial of his right to counsel during the
hearing on a motion to adjudicate. Kirtley v. State, 56 S.W.3d 48, 50 (Tex. Crim.
App. 2001); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Therefore, to
the extent that appellant’s claim of ineffective assistance relates to the assistance his
trial counsel rendered in response to the State’s motion to adjudicate, appellant may
not pursue this claim by direct appeal.
          However, appellant’s motion was filed before the commencement of the
hearing on the State’s motion to adjudicate, and it is not entirely clear whether
appellant’s claim of ineffective assistance concerned his trial counsel’s performance
in response to the motion or at some other time. To prevail on a claim of ineffective
assistance of counsel, a defendant must demonstrate that counsel’s representation fell
below an objective standard of reasonableness based on prevailing professional
norms, and that, but for counsel’s errors, there is a reasonable probability that the
result of the proceeding would have been different. Strickland v. Washington, 466
U.S. 668, 694, 104 S. Ct. 2052, 2064-65 (1984); Hernandez v. State, 726 S.W.2d 53,
57 (Tex. Crim. App. 1986). It is an appellant’s burden to prove a claim of ineffective
assistance of counsel by a preponderance of the evidence. Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999). An appellant must satisfy both prongs of
the Strickland test, or the claim of ineffective assistance will fail. 466 U.S. at 697,
104 S. Ct. 2069; Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).
          The State argues that, assuming appellant is entitled to present this issue for
appellate review, his “mere unsupported and conclusory allegations raised no issue
concerning his counsel’s effectiveness and therefore provided no information from
which the judge should have held a hearing on [appellant’s] motion.” We agree. In
his motion to the trial court and in his briefing to this Court, appellant alleges
generally that his trial counsel “was not properly protecting his rights.” Appellant
does not provide argument or citations to the record directing this Court to any
specific instances of alleged deficient conduct by his trial attorney. We note that
representation by appointed counsel does not, standing alone, deprive a defendant
of effective assistance of counsel. Hill v. State, 666 S.W.2d 663, 667 (Tex.
App.—Houston [1st Dist.] 1984), aff’d, 686 S.W.2d 184 (Tex. Crim. App. 1985). “A
defendant has a constitutional right to counsel, but not to counsel of his own choice.” 
Id.
          We hold that appellant has not demonstrated that his trial counsel rendered
ineffective assistance or that the trial court erred in not conducting a hearing on
appellant’s motion to dismiss his trial counsel. Accordingly, we overrule appellant’s
first point of error.
Motion to Suppress Evidence
          In his second point of error, appellant argues that the trial court erred in
denying his motion to suppress Officer Tipps’s testimony as to statements appellant
made concerning the presence of additional narcotics in the house because the
statements were obtained while appellant was detained and in the absence of any
warnings concerning appellant’s legal right to remain silent. See Tex. Code Crim.
Proc. Ann. art. 38.22 (Vernon 1979 & Supp. 2004-2005).
          However, as noted above, when a defendant has been placed on deferred
adjudication community supervision, no appeal may be taken from a trial court’s
subsequent determination to proceed with an adjudication of the defendant’s guilt on
the original charge. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). In addition, a
defendant may not appeal from a trial court’s ruling on a pretrial motion, such as a
motion to suppress evidence, considered as part of the trial court’s determination to
adjudicate guilt. Reagan v. State, 832 S.W.2d 125, 127 (Tex. App.—Houston [1st
Dist.] 1992, no pet.).
          Because appellant challenges the trial court’s ruling on his motion to suppress
evidence considered at the hearing to adjudicate guilt, we hold that we lack
jurisdiction to consider appellant’s second point of error.
Punishment
          In his third and fourth points of error, appellant argues that the trial court
violated his state and federal constitutional rights against cruel and unusual
punishment because the sentence assessed was not proportional to the offense.
          Here, appellant was convicted of the offense of possession of cocaine weighing
more than four but less than 200 grams, which offense is a second degree felony. See
Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(d) (Vernon 2003). 
A second degree felony offense is punishable by confinement for two to 20 years and
a fine of up to $10,000. Tex. Pen. Code Ann. § 12.33(a) (Vernon 2003). As noted
above, the trial court sentenced appellant to confinement for 18 years and imposed
a $750 fine.
          A defendant may appeal post-adjudication issues that pertain to sentencing. 
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). Both the Eighth Amendment of the
United States Constitution


 and Article 1, section 13 of the Texas Constitution



require that a criminal sentence be proportionate to the crime for which a defendant
has been convicted. Solem v. Helm, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009 (1983);
see Baldridge v. State, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002,
pet. ref’d).
          However, to preserve a complaint of cruel and unusual punishment for
appellate review, a defendant must present to the trial court a timely request,
objection, or motion stating the specific grounds for the ruling desired. Tex. R. App.
P. 33.1(a); Sutton v. State, 35 S.W.3d 737, 740 (Tex. App.—Houston [1st Dist.] 2000,
pet. dism’d); Solis v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.]
1997, pet. ref’d). Here, appellant made no objection to the trial court about the
punishment assessed, and he has failed to preserve any error for review.
           Accordingly, we overrule appellant’s third and fourth points of error.
 

Conclusion
          We affirm the judgment of the trial court.
 

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).