

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00098-CR
_____

ANTJUAN MARINO MCGHEE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 32885A, Honorable Dee Johnson, Presiding

February 25, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Antjuan Marino McGhee, appeals from his conviction for possession of a controlled substance, methamphetamine, in an amount less than one gram. In a single issue, Appellant contends the trial court abused its discretion by finding he voluntarily waived his right to counsel, arguing he was forced to represent himself. Having modified the judgment to delete attorney's fees improperly assessed as costs, we affirm the judgment as modified.

**Background**

For nearly a year before trial,[1] Appellant was represented by court-appointed counsel. On the morning trial began, March 11, 2024, Appellant first announced he "never said [he] was going to a jury trial" and claimed his attorney had failed to inform him about the proceedings.[2] His attorney explained he had informed Appellant of the trial date, they had reviewed the evidence, met on March 5th, and spoken the day before trial and morning of trial.

Appellant demanded to see "the DA's version of the discovery," claiming he couldn't properly review his counsel's copies of audio.[3] The prosecutor confirmed on the record that defense counsel had received identical discovery materials, including carefully redacted body camera footage that had been specifically prepared to avoid hearsay issues. The prosecutor also said he had previewed the guilt/innocence phase exhibits with defense counsel that very morning.

The trial court then presented Appellant with his options—proceed to trial or plead guilty. Appellant declared he would do neither:

THE DEFENDANT: I don't want to go to trial, and I don't want to plead guilty.

THE COURT: All right. Then we're going to trial.

THE DEFENDANT: No, we're not. He [referring to his court-appointed counsel] doesn't represent me.

---

[1] In July 2023, Appellant was indicted for intentionally and knowingly possessing a controlled substance, methamphetamine in an amount of less than one gram. However, Appellant was represented by counsel first appointed by the trial court in March 2023.

[2] According to the record, this was Appellant's first time to complain about his attorney.

[3] This was the first time Appellant made this request.

THE COURT: Sir, you will sit down and –

THE DEFENDANT: I will sit down, but I'm not going to trial.

After the trial court indicated the trial would not be postponed, the Defendant said, "Then I will represent myself. He can't represent me. I'll represent myself. If you're going to force me to go to trial, I'll represent myself. He can't represent me. He's not honest."

After a brief recess, Appellant returned to the courtroom and reaffirmed he would represent himself. The trial court then began a *Faretta* hearing,[4] examining Appellant's ability to represent himself. Appellant repeatedly interrupted the court, refused to follow basic instructions, accused the court of "trying to frame [him]," and alleged his court-appointed counsel was "crooked" and "lying." The crux of Appellant's position was the belief he had "a constitutional right to have a lawyer that I approve of." The trial court explained that Appellant did not have such a right and that his appointed attorney was well-skilled. Though argumentative throughout the hearing, Appellant's answers to the court's questions showed he:

- Was 68-years old, and attended college for three-and-a half-years;

- Confirmed he faced charges of possessing methamphetamine less than one gram;

- Acknowledged the range of punishment for such an offense;

- Felt confident in his ability to present evidence and objections;

---

[4] In *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), the United States Supreme Court recognized that a criminal defendant has the right to assistance of counsel under the Sixth Amendment, as well as the right to waive counsel and represent himself. *Id.* at 807. However once the defendant asserts his right to self-representation, a trial court judge must ascertain that he chooses to waive the right to counsel, knowingly and intelligently, and must warn the defendant of the dangers and disadvantages accompanying such a waiver. *Id.* at 835–36.

- Recognized an appellate court would judge the record by the same standard as if he was represented by an attorney;

- Agreed the prosecutors were well-trained in law and procedure;

- Accepted that representing himself could hurt his case;

- Agreed to follow the rules of evidence;

- Stated "beyond a shadow of a doubt" he would receive no special consideration;

- Expressed confidence in his ability to cross-examine witnesses;

- Recognized the role of standby counsel[5] in answering his questions;

- Affirmed he answered all the court's questions truthfully; and

- Declared "never" when asked if he wanted the attorney appointed by the court.

After finding Appellant made a knowing waiver based on his responses during the hearing, the trial court authorized him to proceed pro se. When Appellant requested to negotiate with the prosecutor, the court recessed to allow their private discussion. Upon return, the court appointed a different attorney as standby counsel and ensured counsel received complete access to the State's file. Appellant elected to have punishment decided by the jury rather than the court. Before requiring Appellant to present his defense, the court adjourned for the evening to allow preparation time.

---

[5] With standby counsel, a defendant presents his own defense while having access to an attorney's advice. *Curry v. State*, No. 07-11-00425, 2014 Tex. App. LEXIS 2660, at *3 (Tex. App.—Amarillo Mar. 6, 2014, pet. ref'd). Other Texas courts have held that when standby counsel is provided to a defendant, *Faretta* admonitions are unnecessary. *Shook v. State*, 649 S.W.3d 823, 825 (Tex. App.—Waco 2022, pet. ref'd); *see also Anderson v. State*, No. 02-23-00211-CR, 2024 Tex. App. LEXIS 5309, *12–13 (Tex. App.—Fort Worth July 25, 2024, pet. ref'd); *Walker v. State*, 962 S.W.2d 124, 127 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd).

**Analysis**

Appellant argues the trial court abused its discretion, coercing him into self-representation by forcing him to choose between keeping his appointed counsel or representing himself. He argues this rendered his waiver of counsel involuntary. We review whether a defendant clearly and unequivocally invoked the right to self-representation for abuse of discretion, considering the totality of circumstances. *See Osorio-Lopez v. State*, 663 S.W.3d 750, 756 (Tex. Crim. App. 2022); *O'Brien v. State*, 482 S.W.3d 593, 619 (Tex. App.—Houston [1st Dist.] 2015), *aff'd,* 544 S.W.3d 376 (Tex. Crim. App. 2018). In conducting our review, we view the evidence in the light most favorable to the trial court's ruling. *Latham v. State*, 514 S.W.3d 796, 802 (Tex. App.—Fort Worth 2017, no pet.).

Federal and state law guarantee a criminal defendant the right to assistance of counsel as well as the right to waive counsel and represent himself. *See* U.S. CONST. amend. VI & XIV; TEX. CONST. art. § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05; *Faretta,* 422 U.S. at 818–20. However, neither guarantees the right to counsel of one's choosing. *Calvert v. State*, No. AP-77,063, 2019 LEXIS 584 at *56–57 (Tex. Crim. App. Oct. 9, 2019); *Hill v. State*, 666 S.W.2d 663, 667 (Tex. App.—Houston [1st Dist.] 1984), *aff'd*, 686 S.W.2d 184 (Tex. Crim. App. 1985). When a defendant is displeased with appointed counsel, he bears the burden of showing adequate cause for appointment of new counsel. *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977). When faced with a last-minute request to change counsel, a trial court has three options: (1) appoint or allow retention of new counsel, (2) permit self-representation after proper *Faretta* warnings, or (3) require the defendant to proceed with appointed counsel. *Burgess v. State*, 816

5

S.W.2d 424, 428–29 (Tex. Crim. App. 1991).[6]  Importantly, a defendant cannot use requests for new counsel to obstruct orderly court procedure.  *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976).

McGhee raised no complaint about his counsel until the morning trial began, when he abruptly announced he "never said [he] was going to a jury trial" and demanded to see "the DA's version" of discovery materials.  The prosecutor confirmed defense counsel had received "identical" materials.  Appellant's appointed counsel explained he and Appellant had communicated multiple times, reviewed the evidence, and that Appellant was informed of the trial date.  Appellant's unspecific allegations that counsel was "crooked" and "lying," fall far short of showing adequate cause for new counsel.  *See Calvert*, 2019 LEXIS 584, at *35–36, 56 (finding defendant failed to show adequate cause despite allegations counsel was ineffective, unethical, and working against his interests).

Because Appellant failed to show adequate cause, the trial court properly presented him with his remaining constitutional options—proceed with appointed counsel or represent himself after proper warnings.  At no time did Appellant indicate he wanted to abandon his request to represent himself.  Despite his argumentative tone, Appellant's answers to the court's questions demonstrated he understood the charges, punishment range, trial procedures, and consequences of self-representation.  Though protesting he felt forced to do so, Appellant affirmed his answers were truthful and declared he would "never" accept appointed counsel.  *See Faretta*, 422 U.S. at 835 (defendant must be

---

[6] Concomitantly, the defendant has three choices: (1) accept appointed counsel and go to trial; (2) prove adequate cause to remove his attorney and obtain new counsel; or (3) represent himself.

"made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'") (cleaned up).  Moreover, Appellant did not object when the court appointed new standby counsel and later accepted her appointment as appellate counsel.  We overrule Appellant's single issue.

## Court-appointed Attorney's Fees

Though not raised by Appellant, we address the assessment of court-appointed attorney fees.  Consistent with the trial court's inquiry on the record into Appellant's financial ability, the Judgment of Conviction finds Appellant indigent and expressly waives all fines and costs.  However, the court clerk's modified bill of costs includes $4,473.49 for court-appointed attorney's fees.  We therefore modify the judgment to delete this assessment.  *See Gonzalez v.* State, Nos. 07-11-00166-CR–07-11-00169-CR, 2012 Tex. App. LEXIS 3395, at *8–9 (Tex. App.—Amarillo Apr. 30, 2012, no pet.) (modifying judgment to delete court-appointed attorney's fees).

## Conclusion

Having modified the judgment in Cause No. 32885A to delete the modified bill of costs assessing $4,473.49 in attorney's fees as costs of court, we affirm the judgment as modified.

Lawrence M. Doss
Justice

Do not publish.