**Leonard SUTTON, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–00–00508–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 30, 2000.

Hattie Sewell Mason, Bellaire, for Appellant.

John B. Holmes, Melinda Diane Doell, Houston, for State.

Panel consists of Justices MIRABAL, TAFT, and DUGGAN.*

## OPINION

TAFT, Justice.

Appellant was charged by indictment with murder. A jury found appellant guilty of manslaughter. After appellant pled true to one enhancement paragraph, alleging a prior conviction of burglary of a habitation with intent to commit theft, the court assessed appellant's punishment at 40 years in prison. We address whether: (1) the trial court erred in denying appellant's motion for an instructed verdict; (2) the court erred in denying appellant's motion to testify free from impeachment; and (3) appellant preserved his claim that his punishment was cruel and unusual. We affirm.

### Facts

On November 1, 1999, appellant was riding in a car with his friends, Eddie Lewis, Andrew Williams, and Patricia Thomas. While stopped outside Lewis' house, appellant pulled out a revolver. Appellant knew the revolver contained three bullets. Appellant aimed the gun at Thomas' head and fired a shot that killed her. At that point, Lewis and Williams fled the car, and appellant drove off with the dead body, which he placed in a dumpster. Appellant then hid his car behind some bushes and took a bus back home. After learning the police had been looking for him, appellant turned himself in and confessed in writing he had shot Thomas.

### Procedural History

Appellant was charged by indictment with murder. The third paragraph of the indictment charged appellant with felony

murder for causing Thomas' death while committing aggravated assault. The State filed its pretrial notice of intent to use appellant's extraneous offenses for impeachment purposes.[1] Appellant then filed a motion to be allowed to testify without being impeached with his prior convictions, which the court denied.

At trial, both Williams and Lewis testified the shooting was accidental. After the State rested, appellant moved for an instructed verdict, arguing that: (1) the State did not produce evidence he had intended to kill or assault Thomas; and (2) the third paragraph of the indictment was improper because a felony-murder charge could not be predicated on aggravated assault. The trial court denied appellant's motion. Appellant later took the stand and testified he did not intend to kill or frighten Thomas when he pointed the gun at her. On cross-examination, the State introduced appellant's prior conviction of burglary with intent to commit theft.

The jury found appellant guilty of the lesser included offense of manslaughter. After appellant pled true to the enhancement paragraph, the trial court assessed appellant's punishment at 40 years in prison.

### Instructed Verdict

In his first point of error, appellant argues the trial court erred in denying his motion for an instructed verdict. Appellant challenges the trial court's ruling in two respects. First, appellant asserts he was entitled to an instructed verdict because the State offered no evidence he intended to kill, cause serious bodily injury to, or assault Thomas. *See* TEX.PENAL CODE ANN. § 19.02 (Vernon 1994). Appellant also asserts the trial court erred in not granting his motion for an instructed verdict on the felony murder charge because felony murder cannot be predicated

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Appellant had two prior convictions: (1) burglary of a habitation with intent to commit theft; and (2) misdemeanor theft.

on a charge of aggravated assault. *See Garrett v. State*, 573 S.W.2d 543, 546 (Tex. Crim.App.1978).

## A. No Evidence Appellant Intended to Kill or Cause Serious Bodily Injury

█ A complaint about the denial of an instructed verdict is reviewed as an attack on the sufficiency of the evidence. *Cook v. State*, 858 S.W.2d 467, 470 (Tex. Crim.App.1993); *Youens v. State*, 988 S.W.2d 404, 407 (Tex.App.—Houston [1st Dist.] 1999, no pet.).[2] The standard for reviewing the legal sufficiency of evidence to support a conviction is whether, after reviewing the evidence in the light most favorable to the verdict, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *Youens*, 988 S.W.2d at 407 (citing *Lane v. State*, 933 S.W.2d 504, 507 (Tex. Crim.App.1996)).

█ Thus, we first address whether, after looking at the evidence most favorable to the prosecution, a rational fact finder would have found that appellant caused Thomas' death intentionally or knowingly, or by committing an act clearly dangerous to human life while intending to cause serious bodily injury.[3] *See Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App. 1991). Appellant admitted he knew there were three bullets in the revolver. Appellant aimed the gun at the victim's head and shot her. Based on this evidence, a reasonable juror could have found that appellant acted intentionally when he aimed the gun at Thomas' head and pulled the trigger. Furthermore, a reasonable juror could have found that, when appellant aimed and fired a gun he knew contained three bullets, he acted with knowledge that his conduct was reasonably certain to cause Thomas's death. *See Matson*, 819 S.W.2d at 846.

Appellant's actions in disposing of the body were more consistent with having committed an intentional crime rather than an accidental shooting. Accordingly, the trial court did not err when it denied appellant's motion for an instructed verdict on the murder charge. *See Studevant v. State*, 833 S.W.2d 712, 714 (Tex.App.— Houston [1st Dist.] 1992, no pet.). Because the evidence was sufficient to support a finding of murder, we find appellant's first argument lacks merit. *See Matson*, 819 S.W.2d at 846.

## B. Felony Murder

█ As to appellant's challenge of the court's denial of his motion for an instructed verdict on the felony murder charge, we agree with appellant that aggravated assault cannot be used as the underlying offense in a felony murder charge. *Johnson v. State*, 4 S.W.3d 254, 257 (Tex.Crim. App.1999); *Garrett v. State*, 573 S.W.2d 543, 546 (Tex.Crim.App.1978). The trial court's error was harmless, however, because we have held the jury was properly

---

**2.** Because *Cook* was decided when the only sufficiency review in criminal cases was legal sufficiency, i.e., before *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996), defined factual sufficiency review in criminal cases, *Cook* naturally referred to legal sufficiency of the evidence as the appropriate standard of review for denials of instructed verdicts. Moreover, it is appropriate that instructed verdicts determine legal sufficiency, in that the remedies for legal insufficiency of the evidence and a motion for instructed verdict are the same—acquittal. *Youens*, 988 S.W.2d at 407.

**3.** A person commits [murder] if he:
(1) Intentionally or knowingly causes the death of an individual;

(2) Intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual;
. . . .
TEX.PEN.CODE ANN. § 19.02(b) (Vernon 1994).
"[A] person acts intentionally . . . with respect to . . . a result of his conduct when it is his conscious objective or desire to . . . cause the result." *Id.* § 6.03(a).
"[A] person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." *Id.* § 6.02(b).

instructed it could find appellant guilty of murder, and the jury declined to find appellant guilty of the charged offense, opting instead to find him guilty of the lesser included offense. *See State v. Shelton*, 869 S.W.2d 513, 517 (Tex.App.—Tyler 1993, no pet.). Accordingly, we reject appellant's argument.

We overrule appellant's first point of error.

The discussion of the remaining points of error does not meet the criteria for publication, and is thus ordered not published. TEX.R.APP.P. 47.4.