In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00053-CR

____________


BALLDEMAR VILLARREAL, JR., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Court No. 1

Galveston County, Texas

Trial Court Cause No. 194,983






O P I N I O N

 Appellant was charged by information with misdemeanor assault causing bodily
injury. A jury found appellant guilty of the charge, and the trial court assessed punishment
at one year in county jail and a fine of $3000. The trial court made an affirmative finding
of family violence. Appellant moved for a motion for new trial, which was overruled without
a hearing.

BACKGROUND


 At appellant's trial, Sharon Bares testified that on March 4, 2000 she witnessed a fight
between a couple living in her apartment complex. Bares testified that the couple was
appellant and a woman whom she knew as Lynda. Bares heard Lynda call 911 and tell the
dispatcher that "a man took her money and wouldn't give it back." Bares testified that Lynda
then went back into the apartment where the couple continued to argue. Next, Bares saw the
couple get into the back of appellant's pick up and continue to fight. Appellant and Lynda
were shoving each other, and appellant hit Lynda. Bares testified that she saw appellant
punch Lynda approximately five times in her upper torso and midsection. During the fight,
Lynda fell and hit her head against the corner of the brick building. 

 William Warner, appellant's neighbor at the apartment complex, testified at
appellant's trial that, on March 4, 2000, a woman whom he knew as Lynda, knocked on his
door. When Warner answered the door, Lynda passed out, and he moved her to his couch. 
He testified that her face "was all black and blue and puffy," and that she was pretty badly
beaten. In addition, Warner testified that Lynda lived next door with appellant. Dr. Deluca-Pytell testified that, on March 4, 2000, he treated a patient named Lynda Baker at University
of Texas Medical Branch (UTMB). He testified that Lynda had an abrasion on her forehead
and was in an alternate state of consciousness. He also stated that Lynda was making
incomprehensible sounds and was not able to speak clearly. During the examination, Lynda
stopped breathing and had to be resuscitated. Dr. Deluca-Pytella further testified that Lynda
was highly intoxicated.

 Lynda Baker testified for the defense. She testified that, on March 4, 2000, she and
appellant had a fight. She testified that she was extremely drunk, she started the fight, and
appellant only tried to restrain her from hitting him. Lynda further testified that her injury 
was a result of her falling, after appellant left, and hitting her head against the curb. She 
admitted calling the police, going to the neighbor's house, losing consciousness for a short
time, and being admitted to UTMB. 

DISCUSSION


 In his first point of error, appellant claims that the trial court erred in denying
appellant's motion for an instructed verdict. A complaint about the denial of an instructed
verdict is reviewed as an attack on the legal sufficiency of the evidence. Cook v. State, 858
S.W.2d 467,470 (Tex. Crim. App. 1993); Sutton v. State, 35 S.W.3d 737, 739 (Tex. App.
--Houston [1st Dist.] 2000, no pet). The standard for reviewing the legal sufficiency of
evidence to support a conviction is whether, after reviewing the evidence in the light most
favorable to the verdict, any rational factfinder could have found the essential elements of
the crime beyond a reasonable doubt. Id.

 Here, appellant complains that the evidence was insufficient as to the identity of the
victim. Specifically, appellant argues that the State failed to establish that the person named
as the victim in its information is the person identified by the witnesses and the medical
examiner. The information named Lynda Baker as the victim. State's witness, Sharon Bares,
testified that on March 4, 2000, she witnessed a fight between appellant and a woman she
knew as Lynda. Another State's witness, William Warner, testified that, on March 4, 2000,
a woman, whom he knew as Lynda, passed out at his front door. He testified that she was
badly beaten and "out of it." Warner stated that he knew she lived next door with appellant. 
Dr. Daniell Deluca-Pytell testified that he treated a woman named Lynda Baker at UTMB
on March 4, 2000.

 At trial, Lynda Baker testified for appellant and admitted that she and appellant had 
fought on March 4, 2000. Lynda also testified that she was admitted to UTMB that same
night. Furthermore, Lynda testified that her last name was Baker and her birthday is
September 22, 1959. This was the same information listed on UTMB's medical records from
March 4, 2000. The medical records were admitted into evidence. Finally, Baker admitted
that she asked Bares not to testify, or, if she did, to change her testimony. Looking at the
evidence most favorable to the prosecution, we find that a rational factfinder would have
found that the Lynda Baker named in the information is the same as the person identified by
the witnesses and the medical examiner. Accordingly, we overrule appellant's first point of
error. 

 In his second point of error, appellant claims that the trial court erred in making an
affirmative finding of family violence pursuant to article 42.013 of the Texas Code of
Criminal Procedure. Specifically, appellant's complaint is that, since Family Code article
71.01 referenced in article 42.013 of the Texas Code of Criminal Procedure was recodified
and article 42.013 does not reflect that recodification, article 42.013 is no longer valid. 
Unless expressly provided otherwise, a reference to any portion of a statute or rule applies
to all reenactments, revisions, or amendments of the statute or rule. Tex. Gov't. Code Ann.
§ 311.027 (Vernon 2000); See Dillehey v. State, 815 S.W.2d 623, 633 (Tex. Crim. App.
1991). We overrule appellant's second point of error.

 In his third point of error, appellant claims that he was denied due process of law by
the court's affirmative finding of family violence pursuant to article 42.013 of the Texas
Code of Criminal Procedure. To preserve a complaint for appellate review, a party must
have presented to the court a timely request, objection, or motion, stating specific grounds
for the ruling desired. See Tex. R. App. P. 33.1; Rhoades v. State, 934 S.W.2d 113, 120
(Tex. Crim. App. 1996). The record shows that appellant made no objection, and therefore
the error was not preserved for review. (1) We overrule appellant's third point of error.

 In his fourth point of error, appellant claims the trial court erred by admitting State's
exhibit 2, a copy of the judgment and sentence of a prior conviction, during the punishment
phase of the trial. At trial, appellant did not make a timely objection to the admission of State
exhibit 2. (2) Accordingly, we overrule appellant's fourth point of error. 

 In his fifth point of error, appellant claims that the trial court erred in entering its
judgment and sentence because they did not conform to the record. Appellant claims two
discrepancies existed between the record and the judgment. The first discrepancy, appellant
argues, is that the judgment reflects that the affirmative finding of family violence was made
by the jury, when in fact, it was made by the court. The judgment stated, 

 "We, the jury, find the defendant guilty" - of assault causing bodily injury with an
affirmative finding of family violence. 


The italicized portion was handwritten into the judgment. Article 42.013 of the Texas Code
of Criminal Procedure provides, in pertinent part, 

 if the court determines that the offense involved family violence . . . the court shall
make an affirmative finding of that fact and enter the affirmative finding in the
judgment of the case.

 Tex. Code. Crim. Proc. Ann. art. 42.013 (Vernon 2000).

 This court has the authority to modify and correct a judgment as the case may require. 
See Tex. R. App. P. 43.2; see French v. State, 830 S.W.2d p. no. 607 (Tex. Crim. App. 1992);
Fritts v. State, 982 S.W.2d 175, 180 (Tex. App.--Houston [1st Dist.] 1998, pet. ref'd). 
Accordingly, we modify the judgment to clearly state that the court, not the jury, made the
affirmative finding of family violence.

 The second discrepancy appellant complains about is that the judgment, in reflecting
that he will have to reimburse cost of confinement pursuant to article 42.038 of the Texas
Code of Criminal Procedure does not conform with orders rendered by the court as reflected
in the record. However, appellant raises this issues for the first time on appeal, and
therefore, he has not preserved error. (3) See Tex. R. App. P. 33.1 (a)(1)A; Yatalese v. State,
991 S.W.2d 509, 511 (Tex. App.--Houston, [1st Dist.] 1999, pet. ref'd). We sustain
appellant's fifth point of error in part and overrule in part. 

 We modify the judgment and affirm it as so modified.




 Sam Nuchia

 Justice


Panel consists of Justices Cohen, Wilson, and Nuchia.

Do not publish. Tex. R. App. P. 47.



1. During the punishment phase, the judge stated, "I'm making an affirmative finding
of family violence . . . " Appellant made no objection.
2. During punishment, appellant voir dired State's witness, O'Briant about exhibit no.
2 and, after the voir dire, objected to its admission. Appellant's objection was
premature because State had not yet offered exhibit 2. The court then asked the State
if it was going to offer it, to which the State responded affirmatively, and the court
admitted it. However, after a very brief discussion, the court then re-examined State's
exhibits 1, 2, and 3, and decided to "withhold admission on all of them until the
fingerprints have been identified" (emphasis added). At the end of O'Briant's
testimony, the State moved to admit exhibits 1, 2, and 3, and they were admitted. 
Appellant made no objection. Appellant cites the reporter's record at volume 5, page
16 as being his objection to exhibit 2. However, no objection to exhibit 2 appears
there. 
3. Appellant did not raise this complaint in his motion for new trial.