NOS. 07-00-0105-CR; 07-00-0106-CR;


 07-00-0107-CR; 07-00-0108-CR;

 07-00-0109-CR; 07-00-0110-CR;

 07-00-0111-CR; 07-00-0112-CR


IN THE COURT OF APPEALS


 

FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JULY 21, 2003


______________________________




WILLIAM CASH LOVE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;


NOS. B3249-99-07CR; B3250-99-07-CR; B3251-99-07-CR; B3252-99-07-CR;


B3253-99-07-CR; B3254-99-07-CR; B3352-99-07-CR; B3354-99-07-CR


HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN, J., and BOYD, S.J. (1)

MEMORANDUM OPINION


 Appellant William Cash Love appeals from eight convictions for delivery of
controlled substances. The charges were consolidated for trial. Appellant presents 38
issues in his consolidated appeal. We reverse and remand. 

 Appellant was indicted in Swisher County in Causes B3249-99-07-CR, B3250-99-07-CR, B3251-99-07-CR, B3252-99-07-CR, B3253-99-07-CR, B3254-99-07-CR, B3352-99-07-CR, B3354-99-07-CR. The indictments were for delivery of controlled substances
of various kinds and amounts on various occasions. The charges were consolidated for
trial before a jury, which returned guilty verdicts and assessed varying punishments. 
Appellant has appealed each conviction. 

 Appellant's consolidated brief presents 38 issues by which he prays that we reverse
the convictions and remand the cases for new trials. Via issues one through eleven
appellant asserts that the State failed to disclose material evidence which was exculpatory,
favorable to appellant, or which could have been used to impeach State witnesses. 

 Appellant has filed a supplemental brief to which he attached an appendix
consisting of parts of a document entitled Joint Stipulated Findings of Fact and
Conclusions of Law from a collateral proceeding ("the Stipulations"). The Stipulations set
out that the State, appellant, and others, stipulate to matters set out in the document. 

 Following filing of appellant's supplemental brief, the State advised the Court that
the document appended to appellant's supplemental brief accurately sets forth the State's
"new position" in regard to appellant's appellate issues and matters included in the
document. 

 Included in the Stipulations are specific findings and conclusions that the State did
not disclose to appellant or his counsel, either pre-trial or during trial, evidence which (1)
was material to appellant's defense, (2) was favorable to appellant, and (3) would have
been used to impeach State's witnesses. Also included in the Stipulations is an agreed-to
conclusion that the Brady (2) doctrine was violated and that the cases should be remanded
for a new trial. 

 The State has an affirmative duty to disclose material, exculpatory evidence to a
defendant. See Brady, 373 U.S. at 87; Ex parte Kimes, 872 S.W.2d 700, 702
(Tex.Crim.App. 1993). Brady evidence is "material" if there is a reasonable probability
that if the evidence had been disclosed, the outcome of the proceeding would have been
different. United States v. Bagley, 473 U.S. 667, 681-82, 105 S.Ct. 3375, 87 L.Ed.2d
481(1985); Kimes, 872 S.W.2d at 702. 

 Based upon the State's response and its new position as to appellant's issues, we
sustain appellant's first issue. Our disposition of issue number one is dispositive of the
appeals. Accordingly, we do not consider any other issues. See Tex. R. App. P. 47.1. 

 We reverse the judgments and remand the cases for further proceedings. Tex. R.
App. P. 43.2. 

 Phil Johnson

 Chief Justice


Do not publish. 




 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).



serif">Memorandum Opinion
_______________________________


Before QUINN, CJ., and CAMPBELL and HANCOCK, JJ.
          Robert James Back appeals his conviction for robbery by contending that 1) the
evidence is legally and factually insufficient to support it, and 2) he received ineffective
assistance of counsel. We affirm the judgment. 
          Issue 1 - Sufficiency of the Evidence
          In his first issue, appellant challenges the sufficiency of the evidence to show that 
he committed robbery. We review such challenges according to the standards set forth
in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson
v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006). And, upon doing so, we overrule the
issue. 
          The offense of robbery is committed when, during the course of committing theft
with the intent to obtain or maintain control of the property, a person intentionally,
knowingly, or recklessly causes bodily injury to another. Tex. Pen. Code Ann. §29.02 (a)(1)
(Vernon 2003). Furthermore, theft occurs when one unlawfully appropriates property with
the intent to deprive the owner of it. Id. §31.03(a) (Vernon Supp. 2007). And, it is the latter
element that the State failed to prove, according to appellant. The evidence shows
otherwise, however. 
          Terry Hearn, the complainant, testified that he had loaned his 1998 Chevrolet S-10
pick-up truck to appellant on prior occasions. However, he stated that on November 6,
2006, appellant took the keys to the truck without permission and drove away in it. 
Seventeen days later, that is, on November 23rd, Hearn observed appellant sitting in the
truck in an alley behind the V&M Liquor store and approached him in effort to retrieve the
vehicle. When appellant saw Hearn, the former put the truck in reverse and began to
leave. By that time, Hearn had grabbed the steering wheel; this resulted in his being
dragged some distance by the truck. 
          In contrast, appellant testified that Hearn rented the truck to him for a week.


 He
further stated that when Hearn approached him on November 23rd, Hearn had a gun. This
purportedly frightened him, and he tried to get away. Why appellant had the truck for
seventeen days when he purportedly rented it for only one week went unexplained. 
Indeed, appellant admitted that he lacked Hearn’s permission to use the truck both after
the initial seven days expired and at the time Hearn confronted him on November 23rd. 
 
          The evidence that appellant took the pick-up without permission, kept it for
seventeen days, and attempted to drive off with Hearn hanging onto the steering wheel,
if believed and viewed in the light most favorable to the jury’s verdict, is sufficient for a
rational trier of fact to determine beyond reasonable doubt that appellant unlawfully
appropriated the truck with the intent to deprive Hearn of it. That appellant’s testimony may
have contradicted what Hearn said does not change the outcome. Instead, it merely
created issues of fact for the factfinder to resolve. And, the factfinder was free to believe
Hearn. The same is true when we add that bit of other evidence depicting that when Hearn
attempted to report the truck as stolen, the police initially did not accept the report because
Hearn had previously loaned the truck to appellant. The refusal to accept a report is hardly
dispositive since one can later steal items that he previously borrowed. 
          In sum, we cannot say that the verdict is so against the great weight and
preponderance of the evidence as to undermine our confidence in it. Nor can we say that
the evidence supporting the conviction is too weak to support the decision. So, we must
conclude that the evidence is both legally and factually sufficient. 
          Issue 2 - Ineffective Assistance of Counsel 
          Next, appellant contends that his counsel was ineffective when failing to object to
the admission into evidence of several prior convictions of appellant. The convictions
purportedly were over ten years old, unrelated to the current offense, and more prejudicial
than probative. We overrule the issue.
          To prevail on a claim of ineffective assistance, appellant has the burden to prove
both that counsel’s performance was deficient and that he was prejudiced by the
deficiency. Thompson v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). Both
aspects of the claim must be firmly founded in the record. Id. at 813. And, the tenor of the
record must be sufficient to illustrate that the purported deficiency was something other
than reasonable trial strategy. Garza v. State, 213 S.W.3d 338, 348 (Tex. Crim. App.
2007). With that said, we turn to the record before us.
          The convictions of which appellant now complains were his 1991 felony conviction
for burglary of a building, his 1992 and 1993 felony convictions for delivery of a controlled
substance and his 1997 felony conviction for possession of cocaine. Admittedly, trial
counsel for appellant did not object when the State asked appellant about them. Nor did
he object when the prosecutor questioned appellant about his 2004 felony conviction for
the unauthorized use of a motor vehicle. This may be because the chance that those
convictions could be revealed was discussed between appellant and his trial counsel as
they assessed whether appellant should take the stand and speak in his own defense. 
Indeed, it was appellant who first broached the topic during his direct testimony. And,
when his attorney asked whether he knew the prosecutor was “going to ask you about
those,” appellant replied “yes.” Nonetheless, appellant decided to testify despite that
knowledge because he wanted “to have the jury decide the case.” 
          Next, the Texas Rules of Evidence allow the admission of prior felony convictions
or convictions for crimes of moral turpitude “[f]or the purpose of attacking the credibility of
a witness.” Tex. R. Evid. 609(a). While it is contemplated that the convictions not be too
stale or old, id. at 609(b) (setting the time period at ten years from the date of conviction
or release from confinement, whichever is later) even stale ones may be admitted if the trial
court determines, “in the interests of justice, that the probative value of the conviction . . .
substantially outweighs its prejudicial effect.” Id. Given this, there is little doubt that the
2004 felony conviction was admissible for it was both a felony and occurred well within ten
years of trial.
          More importantly, the admission or exclusion of the remaining felony convictions
was not necessarily certain; again, much depended upon whether the trial court believed
them to be more probative than prejudicial. And, at the very least, it could be argued that
the 1991 conviction for burglary could have been deemed admissible by the trial court
since it potentially involved moral turpitude and deception, characteristics having high
impeachment value.


 See Sutton v. State, 35 S.W.3d 737, 740 (Tex. App.–Houston [1st
Dist.] 2000, pet. dism’d, untimely filed) (noting that theft involves deception and,
consequently, a conviction of burglary with the intent to commit theft has high impeachment
value). 
          So, trial counsel was faced with a client who had been convicted of multiple crimes,
who wanted to testify, who knew and accepted the likelihood of being asked about his prior
convictions, and who thought it best for the jury to decide the matter. Given that at least
one or more of those prior convictions was admissible, it may well be that trial counsel
thought that objecting to those which may not have been would not bode well for his client
in the eyes of a jury; the latter could have wondered what he was attempting to hide. Or,
it could be that trial counsel and appellant thought it best to be candid in effort to bolster
his credibility given that the scenario came down to “he said, she said” and appellant
thought it best to “let the jury decide the case.” These potentialities suggest that there may
have been a reasonable trial strategy underlying counsel’s decision to remain silent. Or,
it may well be that trial counsel had no strategy and simply did not object. Yet, the record
does not establish or negate either, which, in turn, prevents us from concluding either that
the acts of counsel did not relate to some reasonable trial strategy or that the purported
ineffectiveness is firmly founded in the record. This is especially so when appellant’s
attorney did not have the opportunity to explain why he did what he did. See Ortiz v. State,
93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002) (stating that where there is a possibility that
the conduct arose from legitimate trial strategy, the court may not find the counsel
ineffective on direct appeal). Consequently, we reject appellant’s claim of ineffective
assistance.
          Having overruled all issues, we affirm the judgment of the trial court.
 
 
                                                                           Brian Quinn 
                                                                          Chief Justice    
Do not publish.