Opinion issued October 27, 2005



 



     








In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00464-CR




JAMES RODGERS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 37894




MEMORANDUM OPINION

          Appellant, James Rodgers, was convicted by a jury of delivery of a controlled
substance in a drug-free zone and assessed punishment at 25 years’ confinement and
a fine of $10,000. See Tex. Health & Safety Code Ann. § 481.112 (Vernon 2003),
§ 481.134 (Vernon Supp. 2004-2005). In three points of error, appellant argues (1)
that the evidence was legally and factually insufficient to show that he was in a drug-free zone when the offense occurred and (2) that irreversible prejudice occurred as
a result of the State’s eliciting testimony concerning an extraneous offense allegedly
committed by appellant. We affirm. 
Background
          On February 4, 2003, after spending several months investigating appellant, the
Mobile Enforcement Team (MET), a division of the Drug Enforcement
Administration (DEA), sent Ricky Lewis, a confidential source, to appellant’s house
to purchase approximately $700 worth of crack cocaine. To ensure that Lewis had
no illegal drugs already on his person or in his vehicle, the DEA officers both
searched Lewis and his car prior to and after the drug purchase. The entire
transaction, including the time when Lewis was driving to and from appellant’s home,
was recorded with audio and video equipment to ensure that the narcotics turned over
by Lewis came from appellant. Upon returning from appellant’s residence, Lewis had
in his possession two “cookies” of crack cocaine with a net weight of 22.4 grams. 
Lewis testified that he purchased the crack cocaine from appellant.
          Officer Horelica, a detective with the Richmond Police Department, later
testified that, as part of the surveillance team, he was stationed in the parking lot of
Pink Elementary School, directly behind appellant’s house. Detective Horelica
testified that appellant’s house, where the drug transaction occurred, is within 1,000
feet of Pink Elementary school, a drug-free zone. 
Analysis
          In his first two points of error, appellant contends (1) the trial court erred by
denying his motion for an instructed verdict based on legal and factual insufficiency
of the evidence and (2) the evidence was legally and factually insufficient to support
the jury’s finding that the alleged offense occurred in a drug-free zone.
          Legal Sufficiency
          A complaint about the denial of an instructed verdict is reviewed as an attack
on the legal sufficiency of the evidence. See Cook v. State, 858 S.W.2d 467, 470
(Tex. Crim. App. 1993) (en banc); Sutton v. State, 35 S.W.3d 737, 739 (Tex.
App.—Houston [1st Dist.] 2000, pet. dism’d). We review the legal sufficiency of the
evidence by viewing the evidence in the light most favorable to the verdict to
determine whether any rational fact finder could have found the essential elements
of the crime beyond a reasonable doubt. Wesbrook v. State, 29 S.W.3d 103, 111
(Tex. Crim. App. 2000) (en banc); King v. State, 29 S.W.3d 556, 562 (Tex. Crim.
App. 2000) (en banc). Although our analysis considers all evidence presented at trial,
we may not re-weigh the evidence and substitute our judgment for that of the fact
finder. King, 29 S.W.3d at 562. 
          Appellant does not challenge the sufficiency of the evidence relating to the
actual delivery of the controlled substance. Rather, appellant challenges only the
legal sufficiency of the evidence in terms of the delivery of the contraband “within
a drug-free zone.” We first address whether, after looking at the evidence most
favorable to the State, a rational fact finder could have found beyond a reasonable
doubt that appellant delivered a controlled substance in a drug-free zone.  
          The State’s only evidence concerning the drug-free zone came from the
testimony of Detective Horelica, who had been a peace officer for more than 10 years
with the Richmond Police Department at the time of his testimony. Detective
Horelica testified that, as part of the surveillance team, he was stationed in the
parking lot of Pink Elementary School behind appellant’s house. Detective Horelica
also testified that appellant’s house, located at 1604 George, where the transaction
occurred, was within 1,000 feet of Pink Elementary School, a drug-free zone. 
Detective Horelica testified that the school was located on Collins Street, although
he could not identify the exact address. He estimated that the actual distance between
the school’s parking lot, where he was stationed during his surveillance, and
appellant’s house was approximately 150 yards. Detective Horelica also testified that
the school backs up to the backyard of appellant’s house and that the typical lot that
a house sits on is less than a thousand feet. There was no rebuttal testimony or
contrary evidence.
          From Detective Horelica’s testimony alone, a rational jury could have found
beyond a reasonable doubt that appellant delivered a controlled substance within a
drug-free zone. See Westbrook, 29 S.W.3d at 111. We conclude that the evidence
is legally sufficient to support the verdict.
          We overrule appellant’s first point of error.
          Factual Sufficiency
          We begin the factual sufficiency review with the presumption that the evidence
supporting the jury’s verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). We view all of the evidence in a neutral light, and we
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477,
483 (Tex. Crim. App. 2004)). Our evaluation may not intrude upon the fact finder’s
role as the sole judge of the weight and credibility accorded any witness’s testimony. 
Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). What weight to be given
contradictory testimonial evidence is within the sole province of the fact finder
because it turns on an evaluation of credibility and demeanor; the fact finder may
choose to believe all, some, or none of the testimony presented. Id. at 407–09. We
must defer appropriately to the fact finder to avoid substituting our judgment for its
judgment. Zuniga, 144 S.W.3d at 481–82. 
          Under his factual sufficiency argument, appellant provides no additional
arguments, other than those given in his legal sufficiency argument, as to why the
evidence is factually insufficient. Appellant provided no evidence at trial to
contradict the State’s evidence, including Detective Horelica’s testimony regarding 
the distance between appellant’s house and Pink Elementary School. After
considering all the evidence, we conclude that it is not so weak that the verdict is
clearly wrong and manifestly unjust; nor is the contrary evidence so strong that the
standard of proof beyond a reasonable doubt could not have been met. See Escamilla
v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). 
          We overrule appellant’s second point of error.
          
Admission of Extraneous Offense
          In his third point of error, appellant contends that the trial court erred when it
denied his motion for mistrial after the State had improperly elicited testimony
concerning an extraneous offense allegedly committed by appellant, in violation of
Rules 403


 and 404(b)


 of the Texas Rules of Evidence. “A trial court’s denial of a
mistrial is reviewed under an abuse of discretion standard.” Ladd v. State, 3 S.W.3d
547, 567 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1070, 120 S. Ct. 1680
(2000). Under this standard, an appellate court must uphold a trial court’s ruling as
long as the ruling was “within the zone of reasonable disagreement.” Wead v. State,
129 S.W.3d 126, 129 (Tex. Crim. App. 2004). 
          “A mistrial is a device used to halt trial proceedings when error is so prejudicial
that expenditure of further time and expense would be wasteful and futile.” Wood v.
State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000) (quoting Ladd, 3 S.W.3d at 567). 
A mistrial is required only when improper testimony is obviously prejudicial to the
defendant and is of such character as to suggest the impossibility of removing the
impression produced on the minds of the jurors. See id.; see also Hernandez v. State,
805 S.W.2d 409, 413–14 (Tex. Crim. App. 1990), cert. denied, 500 U.S. 960, 111 S.
Ct. 2275 (1991). When the prejudice against the defendant is curable, an instruction
to disregard eliminates the need for a mistrial, thus preserving the resources
associated with starting the trial process anew. See Young v. State, 137 S.W.3d 65,
69 (Tex. Crim. App. 2004) (en banc). While both an instruction to disregard and a
mistrial are corrective functions, “the class of events that require a mistrial is smaller
than that for which . . . an instruction to disregard will suffice to prevent or correct
the harm.” Id. Whether a given error requires a mistrial must be determined by
analyzing the specific facts of the case. See Ladd, 3 S.W.3d at 567; Hernandez, 805
S.W.2d at 413–14. 
          While being examined by the State, Special Agent Wehrman, with the DEA,
testified that a confidential source had made a previous contraband purchase from
appellant. Defense Counsel immediately objected to the elicited testimony pursuant
to Rules 403 and 404(b) of the Texas Rules of Evidence and moved for a mistrial. 
The trial court denied the motion for mistrial, but did sustain the objection to the
testimony and instructed the jury to disregard Wehrman’s statement.
          In Ladd v. State, the State asked a prosecution witness if he was aware of
whether or not the defendant, on trial for capital murder, and another person were
smoking crack cocaine on the same night and morning that the victim went missing
and was found. 3 S.W.3d at 566. Before the witness could answer, defense counsel
objected, asked for an instruction to disregard, and moved for a mistrial. Id. The trial
court sustained the objection and instructed the jury to disregard the question, but the
court denied the motion for a mistrial. Id. at 566–67. In affirming the trial court’s
denial of a mistrial, the Court of Criminal Appeals concluded that “the question was
not so inflammatory as to be incurable by an instruction to disregard.” Id. at 567.
          In the present case, we conclude that the instruction to the jury to disregard the
officer’s statement was sufficient to cure any prejudice to appellant. While this one
statement could have been prejudicial had it been allowed, the trial court instructed
the jury to disregard it, and no further mention of appellant’s involvement in any
other extraneous offense occurred during his trial. Moreover, the outcome of this trial
did not hinge on the testimony of the special agent. Ample evidence was presented,
including video and audio recordings, and other witness and police testimony, from
which the jury could reasonably have determined that appellant committed the
offense for which he was tried. Accordingly, we conclude that the trial court did not
abuse its discretion in denying appellant’s motion for a mistrial.
          We overrule appellant’s third point of error.
Conclusion
          We affirm the judgment of the trial court. 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).