NO. 07-07-0436-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 16, 2008
_____

ROBERT JAMES BACK,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,960-D; HON. DON EMERSON, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, CJ., and CAMPBELL and HANCOCK, JJ.

Robert James Back appeals his conviction for robbery by contending that 1) the evidence is legally and factually insufficient to support it, and 2) he received ineffective assistance of counsel. We affirm the judgment.

*Issue 1 - Sufficiency of the Evidence*

In his first issue, appellant challenges the sufficiency of the evidence to show that he committed robbery. We review such challenges according to the standards set forth

in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). And, upon doing so, we overrule the issue.

The offense of robbery is committed when, during the course of committing theft with the intent to obtain or maintain control of the property, a person intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PEN. CODE ANN. §29.02 (a)(1) (Vernon 2003). Furthermore, theft occurs when one unlawfully appropriates property with the intent to deprive the owner of it. *Id.* §31.03(a) (Vernon Supp. 2007). And, it is the latter element that the State failed to prove, according to appellant. The evidence shows otherwise, however.

Terry Hearn, the complainant, testified that he had loaned his 1998 Chevrolet S-10 pick-up truck to appellant on prior occasions. However, he stated that on November 6, 2006, appellant took the keys to the truck without permission and drove away in it. Seventeen days later, that is, on November 23rd, Hearn observed appellant sitting in the truck in an alley behind the V&M Liquor store and approached him in effort to retrieve the vehicle. When appellant saw Hearn, the former put the truck in reverse and began to leave. By that time, Hearn had grabbed the steering wheel; this resulted in his being dragged some distance by the truck.

In contrast, appellant testified that Hearn rented the truck to him for a week.[1] He further stated that when Hearn approached him on November 23rd, Hearn had a gun. This

---

[1]Interestingly, appellant earlier testified that Hearn told him he could use the truck if appellant drove him on some errands. Supposedly, Hearn had lost his license at the time. This differs from his later testimony indicating that he rented the vehicle.

2

purportedly frightened him, and he tried to get away. Why appellant had the truck for seventeen days when he purportedly rented it for only one week went unexplained. Indeed, appellant admitted that he lacked Hearn's permission to use the truck both after the initial seven days expired and at the time Hearn confronted him on November 23rd.

The evidence that appellant took the pick-up without permission, kept it for seventeen days, and attempted to drive off with Hearn hanging onto the steering wheel, if believed and viewed in the light most favorable to the jury's verdict, is sufficient for a rational trier of fact to determine beyond reasonable doubt that appellant unlawfully appropriated the truck with the intent to deprive Hearn of it. That appellant's testimony may have contradicted what Hearn said does not change the outcome. Instead, it merely created issues of fact for the factfinder to resolve. And, the factfinder was free to believe Hearn. The same is true when we add that bit of other evidence depicting that when Hearn attempted to report the truck as stolen, the police initially did not accept the report because Hearn had previously loaned the truck to appellant. The refusal to accept a report is hardly dispositive since one can later steal items that he previously borrowed.

In sum, we cannot say that the verdict is so against the great weight and preponderance of the evidence as to undermine our confidence in it. Nor can we say that the evidence supporting the conviction is too weak to support the decision. So, we must conclude that the evidence is both legally and factually sufficient.

*Issue 2 - Ineffective Assistance of Counsel*

Next, appellant contends that his counsel was ineffective when failing to object to the admission into evidence of several prior convictions of appellant. The convictions

3

purportedly were over ten years old, unrelated to the current offense, and more prejudicial than probative. We overrule the issue.

To prevail on a claim of ineffective assistance, appellant has the burden to prove both that counsel's performance was deficient and that he was prejudiced by the deficiency. *Thompson v. State,* 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). Both aspects of the claim must be firmly founded in the record. *Id.* at 813. And, the tenor of the record must be sufficient to illustrate that the purported deficiency was something other than reasonable trial strategy. *Garza v. State,* 213 S.W.3d 338, 348 (Tex. Crim. App. 2007). With that said, we turn to the record before us.

The convictions of which appellant now complains were his 1991 felony conviction for burglary of a building, his 1992 and 1993 felony convictions for delivery of a controlled substance and his 1997 felony conviction for possession of cocaine. Admittedly, trial counsel for appellant did not object when the State asked appellant about them. Nor did he object when the prosecutor questioned appellant about his 2004 felony conviction for the unauthorized use of a motor vehicle. This may be because the chance that those convictions could be revealed was discussed between appellant and his trial counsel as they assessed whether appellant should take the stand and speak in his own defense. Indeed, it was appellant who first broached the topic during his direct testimony. And, when his attorney asked whether he knew the prosecutor was "going to ask you about those," appellant replied "yes." Nonetheless, appellant decided to testify despite that knowledge because he wanted "to have the jury decide the case."

Next, the Texas Rules of Evidence allow the admission of prior felony convictions or convictions for crimes of moral turpitude "[f]or the purpose of attacking the credibility of

4

a witness." TEX. R. EVID. 609(a). While it is contemplated that the convictions not be too stale or old, *id.* at 609(b) (setting the time period at ten years from the date of conviction or release from confinement, whichever is later) even stale ones may be admitted if the trial court determines, "in the interests of justice, that the probative value of the conviction . . . substantially outweighs its prejudicial effect." *Id.* Given this, there is little doubt that the 2004 felony conviction was admissible for it was both a felony and occurred well within ten years of trial.

More importantly, the admission or exclusion of the remaining felony convictions was not necessarily certain; again, much depended upon whether the trial court believed them to be more probative than prejudicial. And, at the very least, it could be argued that the 1991 conviction for burglary could have been deemed admissible by the trial court since it potentially involved moral turpitude and deception, characteristics having high impeachment value.[2] *See Sutton v. State*, 35 S.W.3d 737, 740 (Tex. App.–Houston [1st Dist.] 2000, pet. dism'd, untimely filed) (noting that theft involves deception and, consequently, a conviction of burglary with the intent to commit theft has high impeachment value).

So, trial counsel was faced with a client who had been convicted of multiple crimes, who wanted to testify, who knew and accepted the likelihood of being asked about his prior convictions, and who thought it best for the jury to decide the matter. Given that at least one or more of those prior convictions was admissible, it may well be that trial counsel

---

[2]It cannot be forgotten that witness credibility was pivotal here since Hearn and appellant provided the jury with different stories. So, the trial court could well have held that convictions which inherently impugn one's credibility would have been of import in helping the jury decide who to believe.

thought that objecting to those which may not have been would not bode well for his client in the eyes of a jury; the latter could have wondered what he was attempting to hide. Or, it could be that trial counsel and appellant thought it best to be candid in effort to bolster his credibility given that the scenario came down to "he said, she said" and appellant thought it best to "let the jury decide the case." These potentialities suggest that there may have been a reasonable trial strategy underlying counsel's decision to remain silent. Or, it may well be that trial counsel had no strategy and simply did not object. Yet, the record does not establish or negate either, which, in turn, prevents us from concluding either that the acts of counsel did not relate to some reasonable trial strategy or that the purported ineffectiveness is firmly founded in the record. This is especially so when appellant's attorney did not have the opportunity to explain why he did what he did. *See Ortiz v. State,* 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002) (stating that where there is a possibility that the conduct arose from legitimate trial strategy, the court may not find the counsel ineffective on direct appeal). Consequently, we reject appellant's claim of ineffective assistance.

Having overruled all issues, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Do not publish.