

NUMBER 13-07-00225-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PHILLIP ANTHONY PEREZ,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                               Appellee.

On appeal from the 156th District Court
of Live Oak County, Texas

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Vela**

Appellant, Phillip Perez, appeals his conviction for burglary of a habitation with intent to commit theft, a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(2) (Vernon 2003). Perez raises two issues: (1) the trial court erred by denying his motion for directed verdict; and (2) the evidence is factually insufficient to support the conviction. We

affirm.

## A. Facts

Shalynda Carrillo's Three Rivers home was burglarized on the night of September 29, 2006. Carrillo filed a report with the Three Rivers Police Department on October 2, itemizing lost property worth $5,499. Officer Howard Bostwick, Jr., investigated the crime scene but was unable to find any fingerprints or tracks at the scene.

Later that day, the father of twelve year-old J.H. contacted the Three Rivers Police and said that J.H. needed to speak to an officer. After J.H. discussed his rights with a juvenile magistrate, he told Officer Bostwick that he, S.P., C.L., G.C. (three other juveniles) and Phillip Perez (then seventeen years old) had burglarized the Carrillo home and left many of the stolen items at Perez's house, which was next door to Carrillo's. According to J.H., the endeavor was Perez's idea.

On the basis of this statement, a warrant was issued to search Perez's home, where police found several of Carrillo's items. A television was found in a bedroom,[1] and other items were found in the attic and in a shed in the back yard. Police then arrested Perez. The next day, police arrested S.P., C.L., and G.C. at school.

A grand jury indicted Perez for burglary of a habitation with intent to commit theft. *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(2). At trial, J.H. and C.L. testified for the state that Perez took part in the burglary. This was the only evidence firmly tying Perez to the crime.

After the State rested, the defense moved for a directed verdict on the ground that there was insufficient evidence to corroborate the accomplice testimony of J.H. and C.L.,

---

[1]There were seven individuals, including a baby, then living in the Perez house. Officer Bostwick testified about which bedroom the television was found in, but the police did not know who slept in that room.

2

and thus the testimony could not be used to convict Perez. The trial judge denied this motion, stating that the presence of the stolen goods in Perez's home tended to connect Perez with the crime and thus the accomplice testimony was admissible.

The defense presented five witnesses, four of whom, including Perez and S.P.,[2] testified that Perez was fishing on the night of the burglary.

The jury found Perez guilty. The court sentenced him to ten years in prison and imposed a $1,500 fine, and $2,920 in restitution. Perez now appeals to this court, arguing two issues.

## B. Discussion

### 1. Accomplice Testimony and Legal Sufficiency

In his first issue, Perez asserts that the trial court erred in not granting his motion for a directed verdict. Specifically, Perez asserted then and asserts now that there was insufficient evidence to corroborate the accomplice testimony, and without that testimony the State's case was legally insufficient.

An appeal of a trial court's ruling on a motion for a directed verdict is a challenge to the legal sufficiency of the evidence to support the conviction. *Cook v. State*, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993); *Sutton v. State*, 35 S.W.3d 737, 739 (Tex. App.–Houston [1st Dist.] 2000, pet ref'd., untimely filed).

Texas law provides that a defendant cannot be convicted based on the testimony of an accomplice unless there is independent evidence "tending to connect" the defendant with the crime. TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005); *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007). The testimony of juveniles is subject to this rule.

---

[2] S.P, C.L., and G.C. had their burglary charges adjudicated and were placed on juvenile probation. J.H. was not charged and received no punishment from the State.

*Blake v. State*, 971 S.W.2d 451, 458-59 (Tex. Crim. App. 1998).

In conducting a sufficiency review under the accomplice-witness rule, we must eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the offense. *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). We consider the evidence presented by both the State and the appellant to determine whether there was sufficient evidence to corroborate the accomplice testimony. *Cook*, 858 S.W.2d at 470. The standard for corroboration is only that the evidence has a "tendency to connect"; it need not itself be sufficient to establish guilt. *Id.*; *Reed v. State*, 744 S.W.2d 112, 125 n.10 (Tex. Crim. App. 1988).

In this case, the non-accomplice evidence shows that the stolen items were recovered from Perez's home. Most of the items were found in the attic or the shed, but there is some dispute over where the television was found. Witnesses described the house as having three bedrooms: a front bedroom, a middle bedroom, and a back bedroom. Officer Bostwick said that the television was found in the front bedroom, but he did not know whose bedroom that was.

S.P. also lived in the Perez house and testified that he put the stolen goods there. Perez argues this means the evidence only tended to connect S.P. to the crime. The State argues that the presence of stolen items in the common areas of the house is enough to connect anyone living in the house with the theft for purposes of admitting accomplice testimony. We need not go that far.

Perez's older brother, Chris Perez, contradicted Officer Bostwick's testimony and said that police recovered the television from the closet of the middle bedroom. He

4

identified the middle bedroom as being his and the front bedroom as belonging to Perez.[3]

A jury is free to believe or disbelieve witnesses, and may choose to believe parts of a witness's testimony while disbelieving others. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Adams v. State*, 180 S.W.3d 386, 417 (Tex. App.–Corpus Christi 2005, no pet.). The fact-finder is the sole judge of the facts, the credibility of witnesses, and the weight given to testimony. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Beckham v. State* 29 S.W.3d 148, 151 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd.). A rational jury could have concluded that the television was found in the front bedroom, which is where Perez stayed. Evidence that stolen goods were discovered in the bedroom tends to connect whoever stayed in that bedroom to the theft of those goods. Even if that evidence alone may not be sufficient to maintain a conviction, it is enough to corroborate accomplice testimony. Including this testimony, the evidence is legally sufficient to support the verdict. We therefore overrule Perez's first issue.

*2. Factual Sufficiency*

In his second issue, appellant contests that the evidence is factually insufficient to support the verdict. When reviewing the factual sufficiency of the evidence, we view all the evidence in a neutral light, favoring neither party. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005). We will set aside a verdict only if (1) the evidence supporting the conviction, although legally sufficient, is so weak that the fact-finder's determination is clearly wrong and manifestly unjust, or (2) the verdict is against the great weight and preponderance of the

---

[3]C.L. also identified the front bedroom as Perez's, but this portion of the analysis excludes his testimony.

evidence. *Watson*, 204 S.W.3d at 414-15, 417; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

The jury is the exclusive judge of what weight to give particular testimony because such judgments turn on the credibility and demeanor of witnesses. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Cain v. State*, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). We may not simply substitute our judgment for the fact-finder's and conclude that a verdict is "clearly wrong" or "manifestly unjust" because we would have voted to acquit. *Watson*, 204 S.W.3d at 417; *Johnson*, 23 S.W.3d at 12; *Cain*, 958 S.W.2d at 407.

Including accomplice testimony, the evidence presented by the prosecution against Perez consisted of two eyewitnesses who testified that they saw Perez take part in the burglary. The physical evidence supporting this, presented by Officer Bostwick, is that most of the stolen items were recovered from the house in which Perez lived; Bostwick said that he found the television in the front bedroom, which C.L. and Chris Perez said belonged to Perez.

One defense witness, Chris Perez, testified that the television was found in his bedroom, not the appellant's. Perez's girlfriend testified that Perez was not in the house at the time of the burglary because he had left to go fishing earlier in the evening. Another defense witness testified that he was fishing with Perez on the night of the burglary. S.P. testified that Perez left the house to go fishing and did not participate in the burglary. S.P. testified that he was the one who brought the stolen goods into the Perez house. Finally, Perez himself testified that he did not participate in the burglary, but was fishing with a friend that night.

The jury was given two sets of conflicting witnesses. Perez urges us to use the standard of review for factual sufficiency review laid out in *Zuniga v. State*, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004), *overruled in part by Watson*, 204 S.W.3d at 414. Under the *Zuniga* standard, a reviewing court could overturn a verdict–even if the evidence weighed in favor of that verdict–if it believed that there was still a reasonable doubt of guilt. *Id*. That standard, however, was overruled in *Watson*, where the Court of Criminal Appeals held that to overturn a jury verdict, an appellate court must have an objective basis in the record for determining that the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson*, 204 S.W.3d at 417. That is not the case here, thus we hold that there is factually sufficient evidence to support this verdict. Issue two is overruled.

## C. Conclusion

We affirm the judgment of the trial court.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 26th day of June, 2008.

7